UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

    Plaintiff,

v.                                    Case No:  2:13-cv-157-Ftm-99DNF

LAWRENCE NORMAN YELLON,
BOB MUSSER, H. ERIC VENNES,
LANCE RANDALL, RONALD R.
EZELL, STEVEN D. GLENN, JILLINA
A. KWIATKOWSKI, RUTH A.
REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS SERVERS
and JOHN AND/OR JANE DOE 1-3,

    Defendants.

_____

**RELATED CASE ORDER
AND TRACK TWO NOTICE**

It is hereby **ORDERED** that, no later than fourteen (14) days from the date of the filing of the complaint (or a copy of a notice of removal) in this Court, counsel and any *pro se* party shall comply with Local Rule 1.04(d), and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b).  The parties shall utilize the attached form **NOTICE OF PENDENCY OF OTHER ACTIONS**.  It is

**FURTHER ORDERED** that, in accordance with Local Rule 3.05, this action is designated a **Track Two** case.  All parties must comply with the requirements established in Local Rule 3.05 for Track Two cases.  Counsel and any unrepresented party shall meet within

sixty days after service of the complaint upon any defendant for the purpose of preparing and filing a Case Management Report. The parties shall utilize the attached **CASE MANAGEMENT REPORT** from. Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting. Fed. R. Civ. P. 26(d); Local Rule 3.05(c)(2)(B). *Plaintiff (or defendant in a removal case) is responsible for serving a copy of this notice and order with attachments upon each party no later than fourteen (14) days after appearance of the party.*

March 11, 2013

    JOHN E. STEELE
John E. Steele
United States District Court Judge

    DOUGLAS N. FRAZIER        SHERI POLSTER CHAPPELL
Douglas N. Frazier              Sheri Polster Chappell
United States Magistrate Judge    United States Magistrate Judge

Attachments:    Notice of Pendency of Other Actions [mandatory form]
                    Case Management Report [mandatory form]

**Note:** A Magistrate Consent form, Local Rules and PacerNet can be found on the Court's **website at** *http://www.flmd.uscourts.gov*

Copies: All Parties of Record

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RANDY A. SCOTT,

    Plaintiff,

v.                                                  Case No:  2:13-cv-157-Ftm-99DNF

LAWRENCE NORMAN YELLON,
BOB MUSSER, H. ERIC VENNES,
LANCE RANDALL, RONALD R.
EZELL, STEVEN D. GLENN, JILLINA
A. KWIATKOWSKI, RUTH A.
REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS SERVERS
and JOHN AND/OR JANE DOE 1-3,

    Defendants.

## NOTICE OF PENDENCY OF OTHER ACTIONS

In accordance with Local Rule 1.04(c), I certify that the instant action:

_____  IS          related to pending or closed civil or criminal case(s) previously filed in the Court, or any other Federal or State court, or administrative agency as indicated below:

_____
_____
_____
_____

_____  IS NOT     related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

    I further certify that I will serve a copy of this NOTICE OF PENDENCY OF OTHER ACTIONS upon each party no later than fourteen (14) days after appearance of the party.

Dated:

- 4 -

| | |
|---|---|
| [Counsel of Record or *Pro Se* Party] | [Counsel of Record or *Pro Se* Party] |
| [Address and Telephone] | [Address and Telephone] |

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RANDY A. SCOTT,

    Plaintiff,

v.                                                               Case No: 2:13-cv-157-Ftm-99DNF

LAWRENCE NORMAN YELLON,
BOB MUSSER, H. ERIC VENNES,
LANCE RANDALL, RONALD R.
EZELL, STEVEN D. GLENN, JILLINA
A. KWIATKOWSKI, RUTH A.
REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS SERVERS
and JOHN AND/OR JANE DOE 1-3,

    Defendants.
_____/

## CASE MANAGEMENT REPORT[1]

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1)** [Court recommends 30 days after CMR meeting] | |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | |
| **Motions to Add Parties or to Amend Pleadings** | |

---

[1] The Case Management Report has been amended to conform with amendments and proposed amendments to the Federal Rules of civil Procedure and/or Local Rules.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| [Court recommends 1 – 2 months after CMR meeting] | |
| **Disclosure of Expert Reports**         Plaintiff:<br>                                                         Defendant:<br>[Court recommends last exchange 6 months before trial and 1 – 2 months before discovery deadline to allow expert depositions] | |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[(14) days before Joint Final Pretrial Statement] | |
| **Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived0; district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | |
| **Estimated Length of Trial** [trial days] | |
| **Jury / Non-Jury** | |
| **Mediation**                                                    Deadline:<br>                                                            Mediator:<br>                                                             Address: | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Telephone: <br><br> [Absent arbitration, mediation is *mandatory*; Court recommends either 2 – 3 months after CMR meeting, or just after discovery deadline] | |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes ____     No ____ <br><br> Likely to Agree in Future _____ |

**I.     Meeting of Parties in Person**

Lead counsel must in person and not by telephone absent an order permitting otherwise Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A)[2] a meeting was held in person on _____(date) at _____ (time) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| | |
| | |
| | |

**II.     Preliminary Pretrial Conference**

Local Rule 3.05(c)(30)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases**.

Track Two cases:     Parties (check one) [_____] request     [_____] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this track Two case.  Unresolved issues to be addressed at such a conference include:

---

[2] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov

_____

_____

_____

_____

**III.**     **Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(C) – (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _____ have exchanged _____ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(C) – (D)

_____ on _____ by    (check one)             _____ (date).

Below is a description of information disclosed or scheduled for disclosure.

**IV.**     **Agreed Discovery Plan for Plaintiffs and Defendants**

**A.**     **Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party had previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____     Yes

_____     No          Amended Certificate will be filed by _____

(party) on or before _____ (date).

**B.    Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  See Local Rule 3.03(e).  The parties further agree as follows:

**C.    Limits on Discovery –**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed. R. Civ. P. 33(a).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed. R. Civ. P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions
2. Interrogatories
3. Document Requests
4. Requests to Admit
5. Supplementation of Discovery

**D.    Discovery Deadline –**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:

_____

_____

**E.    Disclosure of Expert Testimony –**

On or before the dates set forth in the above tale for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such

information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

### F.     Confidentiality Agreements –

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See* Brown *v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of support. (See Local Rule 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

### G.     Electronically Stored Information and Claims of Privilege –

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

### H.     Other Matters Regarding Discovery –

**V.      Settlement and Alternative Dispute Resolution.**

    **A.      Settlement –**

        The parties agree that settlement is

\_\_\_\_\_ likely \_\_\_\_\_ unlikely        (check one)

        The parties request a settlement conference before a United States Magistrate Judge.

\_\_\_\_\_ yes \_\_\_\_\_ no        \_\_\_\_\_ likely to request in future

    **B.      Arbitration –**

        Local Rule 8.02(a) defines thos civil cases that will be referred to arbitration automatically.  Does this case fall within the scope of Local Rule 8.02(a)?

\_\_\_\_\_ yes \_\_\_\_\_ no

        For cases not falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

\_\_\_\_\_ yes \_\_\_\_\_ no        \_\_\_\_\_ likely to agree in future

\_\_\_\_\_ Binding            _____ Non-Binding

        In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

\_\_\_\_\_ yes \_\_\_\_\_ no        \_\_\_\_\_ likely to agree in future

    **C.      Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.    Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution:

_____

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____    _____

_____    _____

_____    _____

_____    _____