UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

    Plaintiff,

v.                                             Case No: 2:13-cv-157-Ftm-99DNF

LAWRENCE NORMAN YELLON, BOB
MUSSER, H. ERIC VENNES, LANCE
RANDALL, RONALD R. EZELL,
STEVEN D. GLENN, JILLINA A.
KWIATKOWSKI, RUTH A. REYNOLDS,
GARY CROWE, NATIONAL
ASSOCIATION OF PROFESSIONAL
PROCESS SERVERS, PAUL
TAMAROFF, FLORIDA ASSOCIATION
OF PROFESSIONAL PROCESS
SERVERS and JOHN AND/OR JANE DOE
1-3,

    Defendants.

## ORDER

This cause is before the Court on Randy A. Scott's Motion for the Appointment of Counsel (Doc. 12) filed on March 19, 2013, and Motion for Pro Se Plaintiff's Access to CM/ECF (Doc. 11) filed on March 19, 2013.

The Plaintiff is requesting that the Court appoint counsel to represent him in this matter. There is no constitutional right to appointment of counsel in civil actions. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). *See also*, *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating "[a] plaintiff in a civil case has no constitutional right to counsel."). Rather, it is a "privilege" and is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Carrol v. Correctional Medical Services*, 160 Fed. App'x 848, 849 (11th Cir. 2005) (quoting *Fowler v.*

*Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniel v. Lee*, 405 Fed. App'x 456, 457 (11th Cir. 2010) (quoting *Kilo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). In the instant case, the Court finds no exceptional circumstances warranting the appointment of counsel. The Court has considered the type and nature of the case, its complexity, and the Plaintiff's ability to prosecute his claim. This is not a factually complex case and does not raise any new or novel issues or facts. Therefore, the Court will not appoint counsel at this time.

The Plaintiff also requests access to the Court's electronic filing system, CM/ECF. The Plaintiff is concerned that he will not be receiving orders in a timely manner from regular postal delivery and would like to receive them electronically when filed. The Court is aware that its orders are being mailed to the Plaintiff and will allow for additional mailing time for responses as permitted in Federal Rule of Civil Procedure 6(d) which allows an additional 3 days for mailing. Absent extraordinary circumstances the Court is not inclined to allow the Plaintiff to receive electronic notification.

**IT IS HEREBY ORDERED:**

1) Motion for the Appointment of Counsel (Doc. 12) is **DENIED**.

2) Motion for Pro Se Plaintiff's Access to CM/ECF (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 10, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties