UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Randy A. Scott,

    Plaintiff,

v.                                                                   CASE NO. 2:13-cv-157-FtM-99DNF

LAWRENCE NORMAN YELLON, BOB
MUSSER, H. ERIC VENNES, LANCE
RANDALL, RONALD R. EZELL,
STEPHEN D. GLENN, JILLINA A.
KWIATKOWSKI, RUTH A. REYNOLDS,
GARY CROWE, NATIONAL
ASSOCIATION OF PROFESSIONAL
PROCESS SERVERS, PAUL
TAMAROFF, FLORIDA ASSOCIATION
OF PROFESSIONAL PROCESS
SERVERS, JOHN AND/OR JANE DOES
1-3,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUBPOENA TO IDENTIFY DOES

    Defendants, LANCE RANDALL, BOB MUSSER, and FLORIDA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, by and through their undersigned counsel, file this Response to the Plaintiff's Motion for Subpoena to Identify Does, and state:

    1.    Plaintiff filed his Motion for Subpoena to Identify Does (Doc. 44) and his Notice of Motion; Motion for Subpoena to Identify Does (Doc. 45) on May 28, 2013.

    2.    The Motion requests the court issue an order to approve and issue an attached subpoena for information to the National Association of Professional Process Servers ("NAPPS") in order to identify Does 1-3.

3. The attached subpoena is directed to Lance Randall, Secretary National Association of Professional Process Servers. It commands production of "[t]he names and addresses of all members of the National Association of Professional Process Serves Arbitration and Grievance Committee that heard termination case of Yellon v. Scott on or before January 4, 2013."

4. The wording of the subpoena is unclear whether the subpoena is served upon Lance Randall individually, on NAPPS through service on him, or on both him and NAPPS.

5. To the extent the subpoena is directed towards Defendant, NAPPS, it is clearly premature, as based upon a review of the court's docket, NAPPS has not yet been served in this action.

6. Further, to the extent the Plaintiff seeks the identification of names and addresses from Lance Randall, through a subpoena, the procedure is premature under Fed. R. Civ. P. 26(d)(1), which provides that discovery is normally barred prior to a Rule 26(f) conference. Here, there has not been a Rule 26(f) conference and the time for Defendants to file an Answer or Motion in response to the Complaint has not yet occurred.

### MEMORANDUM OF LAW

Fed. R. Civ. P. 26(d)(1) provides:

> (d) Timing and Sequence of Discovery.
> (1) *Timing.* **A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)**, except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
> (2) *Sequence.* Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
> (A) methods of discovery may be used in any sequence; and
> (B) discovery by one party does not require any other party to delay its discovery.

(emphasis added). Fed R. Civ. P 26(d)(1), provides that discovery is normally barred prior to the Rule 26(f) conference. Here, there has not yet been a Rule 26(f) conference and Defendants have not filed an Answer or Motion in response to the Complaint. Therefore, discovery of any kind is premature.

In Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc., the plaintiff sought to serve Rule 45 subpoenas on third-party financial institutions. 08CV310T27MAP, 2008 WL 927558 (M.D. Fla. 2008). The court denied the request, holding that the Plaintiff had not shown that immediate discovery was necessary in that case. The court explained that discovery is normally barred prior to the Rule 26(f) conference and a court may allow discovery before the Rule 26(f) conference upon a showing of "good cause." See also Nassau Terminals, Inc. v. M/V Bering Sea, 1999 WL 1293476 (M.D.Fla.1999) ("The moving party . . . must show good cause for departing from the usual discovery procedures.").

The Plaintiff has not complied with the Federal Rules of Civil Procedure by filing a motion to issue premature discovery. There is no good cause for departing from the usual discovery procedures as required under the applicable case law. Moreover, because both individuals are named parties to this action, the Plaintiff is required to serve a Request under Fed. R. Civ. P 34 in order to require Defendants to produce documents.

**Local Rule 3.01(g) Certification**

I hereby certify that on June 5, 2013, I contacted Randy Scott, Pro Se, via telephone. Mr. Scott was unable to agree to withdraw his Motion for Subpoena to Identify Does.

WHEREFORE, the Defendants, respectfully request that the Court enter an Order denying Plaintiff's Motion for Subpoena to Identify Does.

Respectfully submitted,

/s/ Richard B. Akin, II
Richard B. Akin, II

I HEREBY CERTIFY that on June 5, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and mailed a copy of the foregoing via regular United States Mail to: Randy Scott, Pro Se, 343 Hazelwood Ave. S., Lehigh Acres, FL 33936.

HENDERSON, FRANKLIN, STARNES & HOLT
Attorneys for Defendants Florida Association of Professional Process Servers, Lance Randall, and Bob Musser
Post Office Box 280
Fort Myers, Florida 33902-0280
239.344.1182 (telephone)
239.344.1554 (facsimile)
richard.akin@henlaw.com

By: /s/ Richard B. Akin, II
Richard B. Akin, II
Florida Bar No. 0068112