FILED

2013 JUN 13 PM 3:28

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION  )

Randy A Scott,  
      Plaintiff,  
vs.

Case No.: 2:13-CV-157-FTM-99-DNF

LAWRENCE NORMAN YELLON,
etal
      Defendant(s)

## PLAINTIFF REBUTTAL TO DEFENDANTS RESPONSE TO MOTION FOR EXPEDITED ORDER AUTHORIZING DISCOVERY-PREVIOUSLY CALLED MOTION FOR SUBPOENA TO IDENTIFY DOES

1. The DEFENDANTS LANCE RANDALL, BOB MUSSER and FLORIDA ASSOCIATION of professional process servers responded in opposition to identifying the 3 defendants in the action.

2. Defendants response in opposition indicated their opposition is a lack of clarity in the wording of the subpoena whether it is directed toward NAPPS or Lance Randall

3. Plaintiff believes the wording is sufficient and now makes clearer it is directed towards the NAPPS and Lance Randall in his capacity of that entities secretary will have or should have in his possession the necessary records to identify the 3 does.

4. Plaintiff asked opposing counsels client what the names of these individuals is so the may be identified and served. Opposing parties would not provide the information.

5. The information is not privileged nor private, as NAPPS has authorized publications of identities in the past. (attached exhibits A, B )

6. This subpoena is required because in communication the parties and non parties state it is protected information, always secret, never disclosed.

7. In the specific capacity of "Lance Randall", "Bob Musser", and "Florida Association of Professional Process Servers" are represented by the opposing attorney. Although opposing this motion it is unclear under what authority the attorney has to represent the opposition to the as of now third party and/or yet to be served NAPPS to identify the Does. Which entity, individual the multiple hat clients the opposing attorney represents is as confusing as the structure of the various non profits shared people/persons/entities.

8. The requested information is simply the names and addresses of the 3 listed Doe parties so the complaint can be amended with their name and they can be served process.

9. Defendants response is unclear as to who is represented and who is not.

10. Plaintiff has requested the subpoena is issued to NAPPS and service upon NAPPS through it custodian of records it's secretary Lance Randall is not one of the hats that the defendants counsel appears to appear for.

11. Plaintiff has alleged facts sufficiently in this case that indicate the Does are present in the material components of the actions to require their identification and presence by given proper notice to appear in this jurisdiction.

12. Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiff Randy A Scott Prose, moves the Court for an order Randy Scott to conduct discovery before the parties have conferred pursuant to Rule 26(f),

13. This is an action for violation of the RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") 18 U.S.C. § 1961 *ET SEQ.*, SARBANES-

OXLEY ACT OF 2002 ("SOX") RETALIATING AGAINST A WITNESS 18 USC § 1513 ET SEQ, FRAUDS AND SWINDLES 18 USC § 1341, AND 18 USC § 1343 - FRAUD BY WIRE, RADIO, OR TELEVISION

14. Each of the Defendants has participated in the multiple schemes leading to this action. Plaintiff has identified the Defendants as John or Jane Doe defendants because the actual names and addresses of the Defendants were not disclosed when asked.

15. Because Randy Scott has been unable to ascertain the Defendants' identities through its diligent pre-lawsuit investigations, good cause exists for an order allowing expedited early discovery relating to the Defendants' identities.

16. Specifically, Randy Scott seeks the Court's authorization to conduct discovery from defendants and/or non appeared parties and others who may have information about the identity of Defendants.

17. To obtain this information, Randy Scott anticipates that it will be necessary to serve third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 that require the production of evidence and permit the inspection or copying of electronically stored information, documents and other information that relates to the identity of all persons associated with the arbitration and grievance committee of NAPPS including the names, and physical addresses.

18. Once the Defendants' identities are determined, Randy Scott will amend the Complaint to identify the actual names of the Defendants.

19. Rule 26(d) permits discovery to be conducted prior to a Rule 26(f) conference"when authorized by . . . court order." Fed.R.Civ.P. 26(d). This Court previously

has granted requests for early discovery to obtain this type of information where, as here, good cause exists. *See, e.g., 20/20 Financial Consulting, Inc. v. John Does 1-5*, No. 10-cv-01006-CMA-KMT, 2010 WL 1904530 (D. Colo. May 11, 2010) (allowing expedited discovery for the purpose of discovering defendants' identities). *See also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (finding good cause existed for expedited discovery). Here, as in the *20/20 Financial Consulting* case, the Court should permit limited discovery on an expedited basis "[b]ecause it appears likely that Plaintiff will continue to be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms for the single issue to identify defendants to replace the Does on the complaint.

20. Randy Scott respectfully requests that the Court consider this Motion on an expedited basis.

21. A proposed Order is submitted herewith for the Court's convenience.

22. WHEREFORE, Randy Scott moves the Court pursuant to Federal Rule of Civil Procedure 26(d) for an order permitting Randy Scott to conduct discovery regarding the identity of Defendants 1 3 before the Rule 26(f) conference.

Dated this 13th day of June, 2013

_____
Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

This filing in its entirety has been delivered via US Mail postage prepaid to the only party of record at this time through the offices of and to Richard B Aiken II, 1715 Monroe Street Fort Myers Florida 33902 attorney representing Lance Randall, Robert Musser, and Florida Association of Professional Process Servers .

Dated this 13th day of JUNE , 2013

_____
Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007