UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

      Plaintiff,

v.                                                              CASE NO. 2:13-cv-157-FtM-99DNF

LAWRENCE NORMAN YELLON, BOB            DISPOSITIVE MOTION
MUSSER, H. ERIC VENNES, LANCE
RANDALL, RONALD R. EZELL,
STEPHEN D. GLENN, JILLINA A.
KWIATKOWSKI, RUTH A.
REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, JOHN AND/OR JANE
DOES 1-3,

      Defendants.

_____/

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants, FLORIDA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS ("FAPPS"), LANCE RANDALL, and BOB MUSSER, move to dismiss the Plaintiff's Complaint, and state:

1.     Plaintiff, Randy Scott (*Pro Se*) filed his 56 page Complaint, containing 249 enumerated paragraphs, in this matter on March 4, 2013 (Doc. 1).

2.     The Complaint attempts to state seven counts or causes of action arising out of the Plaintiff's membership in FAPPS and in the National Association of Professional Process Servers ("NAPPS").  While not completely clear, all counts of the

1

Complaint appear to be directed at all Defendants, or alternatively fail to allege at which Defendants they are directed.

3.     There are 15 named Defendants to the Complaint.  Each count of the Complaint makes general allegations that "Defendant" or "Defendant's" have committed certain acts or violations without identifying which Defendant or Defendants the Plaintiff intends to implicate therein.

4.     The Complaint also makes rambling allegations regarding matters that do not appear to be material to the Plaintiff's allegations against any Defendant.  See, e.g. (Doc. 1 ¶¶ 22, 25, 26, 27, 35, 36, 41, 83)

5.     Count One attempts to state a cause of action under 18 U.S.C. § 1962(c), the Racketeer Influenced and Corrupt Organizations Act ("RICO").

6.     Count Two attempts to state a cause of action under 18 U.S.C. § 1962(d). of RICO.

7.     Count Three attempts to state a cause of action under 18 U.S.C. § 1513, the Sarbanes Oxley Act of 2002.

8.     Count Four attempts to state a cause of action under 18 U.S.C. § 1341 and 18 U.S.C. § 1343 for Frauds and Swindles.

9.     Count Five attempts to state a cause of action for Breach of Contract.

10.    Count Six (improperly named Count Four in the Complaint) attempts to state a cause of action for Wrongful Termination.

11.    Count Seven (improperly named Count Five in the Complaint) attempts to state a cause of action for Defamation.

12.     The Complaint fails to state a cause of action with regard to any of the Plaintiff's claims, and should therefore be dismissed.

## MEMORANDUM OF LAW

## I.     STATEMENT OF ALLEGATIONS

The Plaintiff makes his living, at least in part, as a process server.  To that end, the Plaintiff was a member of NAPPS since at least July 2009.  (Doc. 1 ¶ 28).  The Plaintiff moved to Florida in August of 2010, at which time he joined FAPPS.  (Doc. 1 ¶¶ 25, 26).  Plaintiff alleges that he received income and revenue as a result of being listed on the NAPPS and FAPPS directories, which was part of his membership in both entities.  (Doc. 1 ).

At some point, the Plaintiff began to question whether certain Internal Revenue Service ("IRS") forms were properly completed and filed by NAPPS and FAPPS.  (Doc. 1 ¶¶ 42-45).  Plaintiff alleges that he began making complaints to NAPPS regarding what he considered to be improper reporting of revenues and income on forms filed with the IRS.  Plaintiff also alleges that he made complaints to the IRS and United States Department of Justice regarding the alleged improper reports filed with the IRS. (Doc. 1 ¶¶ 98,99).  The Complaint does not allege what role, if any, Randall or Musser played in filing or preparing the allegedly false IRS forms.  Instead, the Complaint seems to rely on the allegation that Randall and Musser were on the FAPPS board of directors as the basis for the Plaintiff's claims against Randall and Musser.

The Complaint essentially alleges that the Plaintiff, as a member of FAPPS and NAPPS, discovered what he believed were errors on the forms filed by the two entities with the IRS, and that the Plaintiff reported these irregularities to the members.  The

Complaint attempts to allege a cause of action based on these errors, which the Plaintiff alleges worked to the benefit of NAPPS, FAPPS, and their members (of which Plaintiff was one).

Plaintiff alleges that his membership in NAPPS was revoked in January 2013. (Doc. 1 ¶¶ 106-118).  Plaintiff voluntarily resigned his membership in FAPPS on December 29, 2011.  (Doc. 1 ¶ 142).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed if a Plaintiff fails to state a claim upon which relief can be granted.  The United States Supreme Court case of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), prescribes the general standard for deciding Rule 12(b)(6) motions.  The Twombly Court held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. at 561-63 (internal citations omitted).  Specifically, the Court held that a Complaint may survive a Rule 12(b)(6) motion only if it contains sufficient factual allegations to render the alleged claim "plausible on its face."  Id. at 562.

In making its determination on a Motion to Dismiss, the court is limited to a consideration of the factual allegations contained in the Complaint and items judicially noticed, and must accept all factual allegations contained in a Complaint as true.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Additionally, because Plaintiffs are proceeding pro se, their pleadings will be held to a less stringent standard than those pleadings drafted by an attorney and will be liberally construed.

Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).  Nevertheless, a *pro se* Plaintiff's Complaint will not be permitted to survive a Motion to Dismiss if there is a dispositive legal issue which precludes the Plaintiff's requested relief.  Brown v. Crawford County, Ga., 960 F.2d 1002, 1010 (11th Cir. 1992).

## III   ARGUMENT

### A.   Plaintiffs' Complaint Should be Dismissed Because It Fails to Comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 8(a) "[a] pleading which sets forth a claim for relief…shall contain…a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a) (2010).  Additionally, Federal Rule 10(b) that each claim be set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).  These rules provide the framework by which a Plaintiff attempting to file a Complaint in Federal Court must abide in order to avoid dismissal.  Where a Complaint fails to set forth a short and plain statement of the claim showing that the Plaintiff is entitled to relief and fails to abide by the requirements of Rule 10, the Complaint is in violation of these procedural rules and should be dismissed.  See Hollywood E. Artful Designs, Inc. v. Gutentag, 2007 WL 2113606, *1 (S.D. Fla. 2007).

A Complaint that fails to set forth claims with sufficient clarity to allow the Defendant to frame a responsive pleading will be considered to be a "shotgun pleading" and will not be permitted.  Lampkin-Asam v. Volusia County Sch. Bd., 261 Fed.Appx. 274, 276 (11th Cir. 2008) (citing Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).  A pleading is considered a "shotgun pleading" if it is "disjointed, repetitive, disorganized and barely comprehensible," and dismissal of such a pleading is the

appropriate remedy so as to ensure that the Defendant has an opportunity to fairly meet the allegations raised in the Complaint.   Lampkin Asam, 261 Fed.Appx at *277. Pleadings of this nature are impermissible under Rule 8(a)(2), which requires a request for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief," and upon motion of a party, the pleadings will be dismissed. Id.   As the Eleventh Circuit has previously stated, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996).   These rules apply to *pro se* Complaints as well as those Complaints drafted by an attorney. Lampkin-Asam, 261 Fed.Appx. at *276; GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (reversed on other grounds)); see also McNeil v. United States, 508 U.S. 106 (1993)).

The Plaintiff has failed to comply with the requirements of Federal Rules 8 and 10, and instead has filed an impermissible "shotgun" pleading which should be dismissed.

### B.   Count One of the Plaintiff's Complaint, for Violation of the Racketeer Influenced and Corrupt Organizations Act, Should be Dismissed for Failure to State a Cause of Action.

Count One of the Plaintiff's Complaint attempts to state a cause of action under 18 U.S.C. § 1962(c), of the Racketeer Influenced and Corrupt Organizations Act ("RICO").   Plaintiff alleges that Defendants formed a pattern of racketeering activity through the "predicate acts" of mail fraud (18 U.S.C. § 1341), tampering with a witness

(18 U.S.C. § 1512), retaliating against a witness (18 U.S.C. § 1513(a)(1)), and destruction, alteration, or falsification of records in Federal investigations and bankruptcy (18 U.S.C. § 1519). (Doc. 1 ¶174).

In order to state a RICO claim, under § 1962(c),  a plaintiff must plead (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.  McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1225 (11th Cir. 2002) (citing 18 U.S.C. §§ 1962(a)–(c)); see also Millette v. DEK Technologies, Inc., 08-60639-CV, 2008 WL 5054741 (S.D. Fla. 2008).  In particular regard to § 1962(c), each element of the statute must be established as to each individual defendant without exception.  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010).

In addition to establishing each element, plaintiffs pleading a RICO violation must demonstrate standing, by showing that they were injured in their business or property, and that these injuries were proximately caused by the conduct constituting the alleged pattern of racketeering activity.  See 18 U.S.C. § 1964(c); Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992); Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 462 (2006).  The Plaintiff cannot meet this burden as he has suffered no direct injury from the alleged RICO violations.

The Complaint is devoid of specific allegations with respect to separate defendants as Plaintiff has simply lumped together all of the defendants in his allegations, and therefore has failed to allege sufficient facts under the law to establish the "pattern of racketeering activity" required to state a cause of action under RICO.  In

addition, the Plaintiff has failed to allege sufficient facts to establish that the alleged RICO violations were both the actual and the proximate cause of his injuries.  Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006).  In his attempt to allege injury as the result of the Defendants actions, Plaintiff has alleged that NAPPS and FAPPS made incorrect or false filings with the IRS.  The Plaintiff also alleges that the Defendants attempted to silence him from complaining by expelling him from his membership in NAPPS.

### 1.    Plaintiff Cannot Show that he Suffered Injury Caused by the Alleged RICO Violations under 18 U.S.C. 1962.

RICO's private cause of action is available only to a "person injured in his business or property by reason of a violation" of RICO's substantive provisions. 18 U.S.C. § 1964(c)[1]; Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1283 (11th Cir. 2006); Coquina Investments v. Rothstein, 10-60786-CIV, 2011 WL 197241 (S.D. Fla. 2011).  A plaintiff may sue under § 1964(c) only if the alleged RICO violation was the proximate cause of the plaintiff's injury.  Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 462 (2006).  In Anza, the Court emphasized that the "central question" in determining whether RICO proximate cause exists is "whether the alleged violation led *directly* to the plaintiff's injury."  Id. at 461 (emphasis added); see also James Cape & Sons Co. v. PCC Constr. Co., 453 SF.3d 396, 403-04 (7th Cir. 2006) (quoting Anza).  The Court's most recent causation decision, Hemi Group, LLC v. City of New York, N.Y.,

---

[1] Section 1964(c) permits recovery only for injuries to one's business or property.  *See RWB Servs. Ltd. v. Hartford Computer Group, Inc.,* 539 F.3d 681, 686 (7th Cir. 2008).  Personal injuries, such as the "damage to reputation, humiliation, anguish, and emotional distress" alleged by plaintiff (Compl. at 247), do not constitute injuries to "business or property" even where related to hardship suffered because of termination of employment.  The Seventh Circuit has held, "not only that personal injuries do not provide standing in civil RICO actions, but also that pecuniary losses flowing from those personal injuries are insufficient to confer standing under 1964(c).  Evans v. City of Chi., 434 F.3d 916, 926 (7th Cir. 2006).  As such, Plaintiff is not entitled to those damages asserted in his pleadings.

underscored the requirement that the alleged harm result directly from the RICO violation.   559 U.S. 1, 7 (2010) (rejecting foreseeability as standard for determining proximate cause in RICO actions).

### a.   The Plaintiff Cannot Show a RICO Injury as a Result of False of Incorrect Tax Documents.

Plaintiff alleges that the Defendants injured the IRS, United States taxpayers, and the regular members of the organization, by filing incorrect documents with the IRS. (Doc. 1 ¶175).   The Plaintiff has not alleged how these incorrect filings caused any injury to him, and as a result Plaintiff lacks RICO standing because the injury he does allege was not directly caused by the claimed RICO violations." Anza, 547 U.S. 451 at 457-58.   Plaintiff alleges injury as a result of his expulsion from NAPPS, and voluntarily relinquishment of his membership in FAPPS, however, this injury is entirely distinct from the alleged RICO violation (defrauding the IRS and taxpayers). There is no connection between the Plaintiff's alleged injury and the claimed RICO violations.   This is exactly the type of indirect injury that Anza and Hemi provides is not actionable under RICO. The Court explained the facts in Hemi, as follows:

> The City of New York taxes the possession of cigarettes. Hemi Group, based in New Mexico, sells cigarettes online to residents of the City. Neither state nor city law requires Hemi to charge, collect, or remit the tax, and the purchasers seldom pay it on their own. Federal law, however, requires out-of-state vendors such as Hemi to submit customer information to the States into which they ship the cigarettes.

> Against that backdrop, the City filed this lawsuit under the Racketeer Influenced and Corrupt Organizations Act (RICO), alleging that Hemi failed to file the required customer information with the State. That failure, the City argues, constitutes mail and wire fraud, which caused it to lose tens of millions of dollars in unrecovered cigarette taxes.

Hemi 599 U.S. at 4-5.  The Supreme Court held that because the City could not show that it lost the tax revenue "by reason of" the alleged RICO violation, 18 U.S.C. § 1964(c), the City cannot state a claim under RICO.  Id., 559 U.S. 1, 4-5.  The Court explained that "the conduct directly responsible for the City's harm was the customers' failure to pay their taxes. And the conduct constituting the alleged fraud was Hemi's failure to submit customer information. Thus, the conduct directly causing the harm was distinct from the conduct giving rise to the fraud.  Id., at 11.  The Court's decision in Anza is also on point.  The Court explained the facts in Anza, as follows:

> Ideal sued petitioners in claiming petitioners were engaged in an unlawful racketeering scheme aimed at "gain[ing] sales and market share at Ideal's expense." According to Ideal, petitioner adopted a practice of failing to charge the requisite New York sales tax to cash-paying customers, even when conducting transactions that were not exempt from sales tax under state law. This practice allowed petitioner to reduce its prices without affecting its profit margin. Petitioners allegedly submitted fraudulent tax returns to the New York State Department of Taxation and Finance in an effort to conceal their conduct.

Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 454 (2006).  The Court held that Ideal did not suffer direct harm as a result of the alleged RICO violations, therefore they could not state a cause of action.  Id. at 460-461.

In the instant case, the conduct giving rise to the fraud is alleged to be improperly filed tax documents.  The conduct giving rise to the Plaintiff's harm is the cessation of his membership in FAPPS and NAPPS.   Under Hemi and Anza, the Plaintiff's RICO claims must be dismissed.

Plaintiff further alleges that "Defendants used the enterprise, NAPPS, to silence Plaintiff and send a message to other [sic] within the organization.  The message was to secure their enterprise by eliminating, destroying, and isolating those who complain

about and expose such illegal and fraudulent acts." (Doc. 1 ¶175, 183). These claims also fail.

In order to support Plaintiff's claims that he was "silenced," he attempts to allege predicate acts under 18 U.S.C. § 1512 and § 1513.  Section 1512 applies to tampering with a witness in an official proceeding.   18 U.S.C. 1512(b).   "Official proceeding" is defined as, inter alia, "a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official . . .  or examiner appointed . . .  to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce."   18 U.S.C. § 1512(a)(1)(D). Plaintiff does not allege that any defendant hindered, delayed, or prevented the communication of information to any law enforcement official or federal judge relating to any federal offense.  Shahin v. Darling, 606 F. Supp. 2d 525, 537 (D. Del. 2009) aff'd, 350 Fed. Appx. 605 (3d Cir. 2009).  Therefore, 18 U.S.C. § 1512 is inapplicable.

### b.      Plaintiff has not Alleged a RICO Injury Under 18 USC §1513.

Plaintiff further alleges that defendants retaliated against him by expelling him from NAPPS membership for reporting defendants' alleged tax fraud to the IRS in violation of 18 USC §1513(e).  Plaintiff does not allege how FAPPS retaliated against him since he admits to resigning from FAPPS.  (Doc. 1 ¶46, 142).

Plaintiff does not have standing because any injury was not the direct result of the alleged RICO scheme.  Applying the principles of Holmes and Anza, courts have repeatedly held that conduct such as the tax scheme alleged here do not cause the injuries of terminated employees within the meaning of 18 U.S.C. § 1964(c), because it is the termination, not the predicate acts of fraud, that precipitated the claimed injury.

See Corporate Healthcare Fin., Inc. v. BCI Holdings Co., 444 F.Supp.2d 423, 432 (D. Md. 2006) ("The majority of federal courts view the retaliatory discharge claims brought by employees terminated because of their refusal to participate in wrongful predicate offense conduct . . . as not stating a RICO claim because the plaintiff is not injured by his employer's predicate criminal acts.").

Moreover, to the degree that plaintiffs have tried to meet the causation requirement by claiming injury by reason of acts of intimidation/retaliation as merely one part of an overarching "scheme," courts have hesitated to find standing where plaintiff's harm is incidental and not the primary goal of the alleged scheme. Where plaintiffs have tried to "overcome the mountain of jurisprudence that denies RICO standing to employees who are discharged for reporting or refusing to cooperate in RICO prohibitive activities" by claiming that an act of, for instance, extortion by the employer caused the claimed injury, they have been largely unsuccessful. See Jones v. Enter. Rent A Car Co. of Texas, 187 F. Supp. 2d 670 (S.D. Tex. 2002); Haviland v. J. Aron & Co., 796 F. Supp. 95 (S.D.N.Y. 1992) aff'd, 986 F.2d 499 (2d Cir. 1992). In these cases, courts have declined to find causation because "the employees were not the direct target of the employer's overall scheme and could not disguise a standard 'failure to cooperate' case through artful pleading." Corporate Healthcare Fin., 444 F.Supp2d at 433; Cardwell v. Sears Roebuck & Co., 821 F.Supp. 406, 409 (D.S.C. 1993); Haviland, 796 F.Supp. at 101.

In sum, Plaintiff's Complaint does not establish--and Plaintiff cannot establish--- that his claimed injuries were directly caused "by reason of" the alleged RICO violations. As a result, Plaintiff lacks RICO standing, and his RICO claims must be dismissed.

### 2.   Plaintiff Has Failed to Allege a "Pattern" of Racketeering Activity, Requiring the Dismissal of his RICO Claims.

Not only has Plaintiff failed to establish RICO standing, he has also failed to plead an indispensable element of his RICO claims--the pattern of racketeering activity. See 18 U.S.C. § 1962.  This deficiency provides an independent basis for dismissal.

To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a *continuing* nature.   Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1264 (11th Cir. 2004).   In RICO parlance, individual acts of racketeering activity are referred to as "predicate acts."  Only predicate acts that have been properly plead may be considered for the purposes of determining whether the plaintiff has alleged a pattern of racketeering.  See, e.g., Jepson, Inc. v. Makita Corp., 34 F.3d 1321, 1327 (7th Cir. 1994).

Plaintiff was required to allege with specificity the *nature and extent of each defendant's commission* of two or more predicate acts.  See DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001); Christian v. Town of Riga, 649 F.Supp. 2d 84, 101 (W.D.N.Y. 2009).  As the predicate acts for his RICO claim. Plaintiff asserts mail fraud, witness tampering, retaliation, alteration or falsification of records in Federal Investigation, and bankruptcy and racketeering.  However, Count One's claim for RICO refers only to all defendants collectively as "conspirators" and contains only a single paragraph allegation that summarily states: "their collective actions constitute violations of mail fraud, tampering, retaliating and destruction, alteration or falsification of records in Federal Investigation and bankruptcy and racketeering." (Doc. 1 ¶ 210).  In Plaintiff's

general allegations he states in a conclusory fashion that each Defendant violated 18 U.S.C. § 1962(c) and (d) by actively participating in the named, individual Defendants' (RICO Defendants) scheme to fraudulently conceal and benefit from materially misstated federal tax forms erroneously provided to the Internal Revenue Service ("IRS"), by defrauding the IRS, United States taxpayers and NAPPS members through that concealment, and by attempting to silence Plaintiff from exposing the errors and fraudulent concealment." (Doc. 1 ¶¶ 9-21).

Under prevailing law, these allegations lack the specificity required for a RICO claim. The Plaintiff's blanket contention that unidentified Defendants engaged in two or more predicate acts without precisely articulating who committed what act and when is insufficient. It is impossible to determine from the Complaint which of FAPPS' acts are the alleged predicate acts since FAPPS is not directly mentioned as doing anything to further the alleged NAPPS conspiracy. Moreover, the individual allegations against MUSSER and RANDALL in Plaintiff's Complaint are insufficient to meet the "pattern" required for a RICO claim. At best, the Complaint provides enough facts to speculate which actions of the several defendants constitute one or more of the predicate acts. With more than fifteen possible choices, it would certainly require a guess. No matter what the Court's disposition with respect to the "pattern" element generally, there can be no doubt that plaintiff has not alleged a pattern against FAPPS, MUSSER or RANDALL. Section 1972(c) focuses on the conduct in which the defendant is alleged to have engaged. In order to be liable under this section, each defendant, not the defendants collectively must have engaged in a pattern of racketeering. United States v. Persico, 832 F.2d 705, 714 (2d Cir. 1987); see also DeFalco v. Bernas, 244 F.3d 286, 306 (2d

Cir. 2001).   Here, Plaintiff has failed to plead even the statutory minimum of two predicate acts with respect to FAPPS, MUSSER or RANDALL.

Plaintiff claims predicate acts of violation of the mail fraud statute (18 U.S.C. § 1341), and violation of by destroying, altering or falsifying certain business records (18 USC § 1519).   Plaintiff does not claim he was "defrauded" or the victim of mail fraud, and it is self-evident that he could not have suffered any injury as a result of any destruction, alteration or falsification of NAPPS' or FAPPS' tax returns.

Plaintiff's section 1962(c) claim based on fraud must comply with Fed. R. Civ. P. 9(b)'s heightened pleading standard.   See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293-95 (11th Cir. 2010).   The heightened standard requires that a party state with particularity the circumstances constituting fraud.   Id.   To satisfy the Rule 9(b) standard, RICO complaints must allege (1) the precise statements, documents, or misrepresentations made, (2) the time and place of and person responsible for the statement, (3) the context and manner in which the statements misled the Plaintiffs, and (4) what the Defendants gained by the alleged fraud.   Ambrosia Coal & Construction Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007).

In this case, while Plaintiff loosely throws around the term "mail fraud" and alleges that the Defendants made false filings in his Complaint, he fails to allege any misrepresentations directed to him upon which he relied.   Any alleged misrepresentations were directed to third parties, namely the IRS.   A plaintiff cannot assert a RICO claim based on fraudulent misrepresentations made to third parties. Special Purpose Accounts Receivable Co-op. Corp. v. Prime One Capital Co., 202 F.

Supp. 2d 1339, 1348 (S.D. Fla. 2002).  Accordingly, the Complaint fails to state a claim

for mail fraud and destroying, altering or falsifying certain business records.

C.     **Count Two of the Plaintiff's Complaint Under 18 U.S.C. § 1962(d), for Conspiracy to Commit RICO Violations Should be Dismissed for Failure to State a Cause of Action.**

Count Two of the Plaintiff's Complaint attempts to state a cause of action under

18 U.S.C. § 1962(d), for conspiracy to commit RICO violations.  The Eleventh Circuit

has held that if a Plaintiff fails to state a RICO claim and the conspiracy count does not

contain additional allegations, the conspiracy claim necessarily fails.  Rogers v.

Nacchio, 241 Fed. Appx. 602, 609 (11th Cir. 2007).  Similar to being liable for aiding

and abetting a crime, there must be an underlying crime to aid and abet.  See Rudolph

v. Arthur Anderson & Co., 800 F.2d 1040, 1047 n. 8 (11th Cir. 1986).  Here, Plaintiffs

allegations under § 1962(c) are synonymous with its conspiracy allegations.  Plaintiff

has failed to plead a valid RICO action, which requires similar dismissal of its RICO

conspiracy claim.

Even if Plaintiff's RICO claim passed muster, which it clearly does not, the

Complaint does not support an inference of an agreement to the overall objective of the

conspiracy or an agreement to commit two predicate acts.  Plaintiff alleges that "[e]ach

RICO Defendant agreed to participate, directly or indirectly, in the conduct of the affairs

of NAPPS through a pattern of racketeering activity comprised of numerous acts of mail

fraud, tampering and retaliation, and each RICO Defendant so participated in violation

of 18 U.S.C. § 1962(c)."  (Doc. 1 ¶ 208). Plaintiff also alleges that "[a]s alleged with

particularity above, the facts demonstrate that the RICO defendants conspired to violate

18 U.S.C. § 1962(c) by conducting, or participating directly or indirectly in the conduct

of, the affairs of NAPP's [sic] through a pattern of racketeering activity." (Doc. 1 ¶ 215). Plaintiff has plead no factual support for his conspiracy allegations. The only allegations in the Complaint are "formulaic recitations" of a conspiracy claim and as such are insufficient. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

To state a RICO claim under subsection (d), plaintiffs must establish that each defendant agreed *personally* to commit at least two predicate acts. Volmar Distributors, Inc. v. New York Post Co., Inc., 825 F. Supp. 1153, 1162 (S.D.N.Y. 1993) (emphasis added). A corporation and its employees are not capable of engaging in a RICO conspiracy between them. Landmark Savings & Loan v. Rhoades, 527 F.Supp. 206 (E.D.Mich.1981); Yancoski v. E.F. Hutton & Co., Inc., 581 F.Supp. 88 (E.D.Pa.1983); contra, Garvey v. Servicemen's Group Life Ins., 584 F.Supp. 623 (E.D.Pa.1984). Plaintiff has not alleged sufficient facts regarding Defendants agreement with other entities or persons to engage in the ongoing criminal conduct of an enterprise.

### D. Count Three of the Plaintiff's Complaint Under the Sarbanes-Oxley Act of 2002, Should be Dismissed for Failure to State a Cause of Action.

Count Three of the Plaintiff's Complaint attempts to state a cause of action under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1513, for "Retaliating Against a Witness." Paragraph 225 of the Complaint alleges:[2]

> [i]n order to avoid detection they must improperly report certain governing sections of IRS forms and to protect that scheme and keep it under the radar NAPPS enterprise have established a pattern of retaliation. They expelled Jeff Bannister a former president of the association in November 2011 for discussing public information available on the IRS 990's. The RICO defendants expelled a former president who was investigating the excess benefit of the administrator. Upon information and belief the RICO defendants have over the past 10 years retaliated against at least 5

---

[2] Once again, Plaintiff does not identify which of the fifteen Defendants at which this allegation is directed.

individuals who inquired about the illegal activities associated with the IRS filings.  There are additional person(s) believed to have resigned to prevent expulsion.  The RICO defendants clearly shows the enterprise will go unabated, continue indefinitely and benefit from their illegal retaliatory actions against those who make reasonable inquiries or complaints regarding violations of law to law enforcement agencies.

Section 1513 is the criminal statute for retaliation against a witness, victim, or an informant. A private right of action is not recognized under this criminal statute. See Walsh v. United States, 2006 WL 1617273 (M.D. Pa. 2006); Shahin v. Darling, 606 F. Supp. 2d 525, 539 (D. Del. 2009) aff'd, 350 Fed. Appx. 605 (3d Cir. 2009).

The only private cause of action a plaintiff has under Sarbanes-Oxley is a claim that he was retaliated against in his *employment* for engaging in allegedly "protected" activity.   Only two private causes of action exist under Sarbanes–Oxley: one that involves recovery of profits from insider trading, 15 U.S.C. § 7244, and one that provides protection for employees, 18 U.S.C. § 1514A.  Gideon Minerals U.S.A. Inc. v. JP Morgan Chase Bank, 2003 WL21804850, n. 2 (S.D.N.Y).

Even under 18 U.S.C. § 1514A, which provides a private cause of action for an employee, Count Three would fail.  Plaintiff was a member and not an employee of both NAPPS and FAPPS, and therefore has no standing under any provision of Sarbanes-Oxley.  (Doc. 1 ¶ 28). Under Sarbanes–Oxley, an "employee" is defined as "an individual presently or formerly working for a company or company representative, ... or an individual whose employment could be affected by a company or company representative." 29 C.F.R. § 1980.101. A "company representative" is "any officer, employee, contractor, subcontractor, or agent of a company." See Smith v. Psychiatric Solutions, Inc., 2009 WL 903624 (N.D. Fla. 2009) aff'd, 358 F. App'x 76 (11th Cir. 2009).  FAPPS, MUSSER and RANDALL are entitled to dismissal of Count Three

because Plaintiff has not alleged that FAPPS was his employer, a necessary element of Sarbanes–Oxley.  See, e.g., Fraser v. Fiduciary Trust Co. Int'l, 417 F.Supp.2d 310, 321-22 (S.D.N.Y.2006).

Plaintiff has also failed to allege that he has met Sarbanes-Oxley's prerequisite of filing a complaint with United States Department of Labor ("DOL") and affording DOL opportunity to resolve allegations administratively. 18 U.S.C.A. § 1514A(b)(1)(A); 49 U.S.C.A. § 42121(b); 29 C.F.R. § 1980.103(c).  Hanna v. WCI Communities, Inc., 348 F. Supp. 2d 1322 (S.D. Fla. 2004).  As such his claim is procedurally barred.

> **E.    Count Four of the Plaintiff's Complaint for Frauds and Swindles Should be Dismissed for Failure to State a Cause of Action.**

Plaintiff cannot state a private cause of action based on 18 U.S.C. § 1341 and § 1343, outside the context of RICO.  Both 18 U.S.C. § 1341 and § 1343 are criminal statutes, which provide no basis for a private right of action.  See Oppenheim v. Sterling, 368 F.2d 516, 519 (10th Cir.1966), cert. denied, 386 U.S. 1011 (1967)("There is no legislative history nor is there any case which has been cited to us or which we can find which supports the view that a violation of [§ 1341] affords the court federal question jurisdiction in a civil case."); Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178–79 (6th Cir.1979)(holding that no private action can arise from the criminal statute). Generally, criminal statutes, state or federal, do not create a private cause of action. Instead, they are enacted to protect the public at large and provide a penal remedy for their violation.  Mondonedo v. Henderson, 2012 WL 3245440 (D. Kan. 2012).

Recognizing that the acts proscribed under 18 U.S.C. § 1341 and § 1343 can constitute the requisite acts to for a RICO violation, no independent cause of action can

be maintained by a private plaintiff under 18 U.S.C. § 1341 and § 1343.   Count Four should be dismissed.

### F.    Count Five of the Plaintiff's Complaint for Breach of Contract Should be Dismissed for Failure to State a Cause of Action.

Plaintiff attempts to state a cause of action for breach of contract, stating that "Defendant's BYLAWS and CODE OF ETHICS state[] an express contract between Defendant and its members, including the Plaintiff."  (Doc. 1 ¶ 232).  Count Five does not identify which of the 15 Defendants it seeks relief from.  However, the allegations in Count Five of breach of bylaws and codes of ethics appears directed at either FAPPS or NAPPS.

The allegation that the bylaws and code of ethics forms a contract between the parties is no more than a conclusory allegation, unsupported by and other factual assertion found in the Complaint.  The Plaintiff has not stated which entities' bylaws or code of ethics were breached, nor what provisions or sections of such bylaws or codes of ethics were breached.  Further the alleged contract or contracts are not attached to the Complaint, nor are the provisions the Plaintiff claims were violated attached or identified in the Complaint.

Both Florida Courts and Federal Court interpreting Florida law recognize that policy statements contained in employment manuals do not give rise to enforceable contracts "unless they contain specific language which expresses the parties' explicit mutual agreement that the manual constitutes a contract."  Freese v. Wuestoff Health System, Inc., 2006 WL 1382111 (M.D.Fla. May 19, 2006); citing Quaker Oats Co. v. Jewell, 818 So.2d 574, 578 (Fla. 5th DCA 2002); Sleit v. Ricoh Corp., 2007 WL 2565967 (M.D. Fla. Aug. 31, 2007).  While Mr. Scott was not an employee of FAPPS,

the cases regarding employment policies are instructive to the question of whether a professional association's code of ethics and bylaws constitute a contract.  They do not. General statements contained in bylaws and codes of ethics are insufficient to create a binding contractual relationship between the parties.

In addition to the fact that the Plaintiff has not pled the existence of a contract, he has not pled sufficient facts to show that he has suffered damages as the result of any breach of bylaws or codes of ethics.

**G.    Count Six of the Plaintiff's Complaint (improperly identified in the Complaint as Count Four) for Wrongful Termination Should be Dismissed for Failure to State a Cause of Action.**

Plaintiff alleges in Count Six of his Complaint that "Defendant wrongfully terminated/expelled the Plaintiff's [sic] from his livelihood in violation of the public policy of the United States of America of protecting corporate whistleblowers who report financial and accounting irregularities and fraud, as exemplified by the Sarbanes-Oxley Act, 15 U.S.C. § 1513(e)."  Again, Count Six does not identify which of the fifteen Defendants at which it is directed.  The allegations in Count Six that Plaintiff was terminated/expelled seems to indicate that Count Six is directed at NAPPS.  Given that the Plaintiff has admitted he voluntarily resigned his membership in FAPPS, he cannot also state that he was wrongfully terminated.

Count Six references the Sarbanes Oxley Act, which is also the subject of Count Three.  For the reasons stated in the discussion of Count Three above, Count Six should be dismissed.

To the extent Count Six attempts to state a cause of action on some basis other than the Sarbanes Oxley Act, it also fails.  Count Six generally alleges that the Plaintiff

was wrongfully terminated or expelled, but does not identify what was wrongful about the termination.  While Florida Courts have held that an individual may bring a cause of action for wrongful termination of a membership in a professional association, there must be some allegation that the terminated member was not provided with the appropriate due process or procedure in their termination.   See, e.g. Horner v. Homestead S. Dade Bd. of Realtors, Inc., 405 So. 2d 492, 494 (Fla. 3d DCA 1981).

Florida law stands squarely against recognizing a common law prima facie tort claim based on retaliatory discharge of one's *employment*. Zombori v. Digital Equip. Corp., 878 F. Supp. 207, 208 (N.D. Fla.1995). Mr. Scott has not alleged that he was an employee of any of the Defendants, however the general principle that no common law cause of action exists for retaliatory discharge is applicable to the Plaintiff's claims. Plaintiff's claims for wrongful termination should be dismissed as they have no basis in law.

###    H.    Count Seven of the Plaintiff's Complaint (improperly identified in the Complaint as Count Five) for "Defamation" Should be Dismissed for Failure to State a Cause of Action.

Florida Courts do not recognize a cause of action for "defamation."  Claims for defamation have been segregated by the Courts into claims for libel or slander depending on whether the alleged statement was written or oral.  Delacruz v. Peninsula State Bank, 221 So. 2d 772, 775 (Fla. 2d DCA 1969).  Disregarding semantics, the Complaint is deficient.  Id.

To recover for libel or slander under Florida law, a plaintiff must demonstrate that: 1) the defendant published a false statement; 2) about the plaintiff; 3) to a third party; and 4) the party suffered damages as a result of the publication. Valencia v.

Citibank International, 728 So.2d 330 (Fla.3d D.C.A.1999); Buckner v. Lower Florida Keys Hosp. Dist., 403 So.2d 1025, 1027 (Fla.3d D.C.A.1981); Thompson v. Orange Lake Country Club, Inc., 224 F. Supp. 2d 1368, 1376 (M.D. Fla. 2002). Plaintiff's claims in Count Seven fail to allege the requisite elements of a cause of action for either libel or slander.

Plaintiff alleges that "Defendant unlawfully, intentionally, and with malice defamed the Plaintiff after his termination by publishing his name to the NAPPS membership on January 22, 2013, thereby excluding him from the trade that his business was founded on and affecting plaintiff [sic] livelihood." (Doc. 1 ¶ 241). Plaintiff also alleges that "Defendant's publication was defamatory per se as it published expulsion lists is a death nail to livelihood of similar situated persons [sic]." (Doc. 1 ¶ 242).[3] The Plaintiff does not state whether the alleged defamation was oral or written. More importantly, the Plaintiff has not alleged that any of the statements were false. An accurate statement cannot form the basis for a slander allegation. Without this threshold allegation, Count Seven fails.

## IV.    CONCLUSION

Plaintiff's Complaint fails to state a claims upon which relief may be granted with regard to any of the Counts contained therein. Accordingly, the Plaintiff's Complaint should be dismissed.

---

[3] Once again, the Plaintiff's allegations against an unidentified "Defendant" make it impossible for the several Defendants in this lawsuit to determine which Defendants Count Seven is directed.

Respectfully submitted,

/s/ Richard B. Akin, II
Richard B. Akin, II

I HEREBY CERTIFY that on June 24, 2013, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, and mailed a copy of the

foregoing via regular United States Mail to: Randy Scott, Pro Se, 343 Hazelwood Ave.

S., Lehigh Acres, FL 33936.

HENDERSON, FRANKLIN, STARNES & HOLT
Attorneys for Defendants Florida Association of
Professional Process Servers, Lance Randall,
and Bob Musser
Post Office Box 280
Fort Myers, Florida 33902-0280
239.344.1182 (telephone)
239.344.1554 (facsimile)
richard.akin@henlaw.com

By: /s/ Richard B. Akin, II
    Richard B. Akin, II
    Florida Bar No. 0068112