FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2013 JUL -1  PM 12: 18

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

|  |  |
|---|---|
| Randy A Scott,<br>                    Plaintiff,<br><br>vs.<br><br><br>LAWRENCE NORMAN YELLON, BOB<br>MUSSER, H. ERIC VENNES, LANCE<br>RANDALL, RONALD R. EZELL, STEVEN<br>D. GLENN, JILLINA A. KWIATKOWSKI,<br>RUTH A. REYNOLDS, GARY CROWE,<br>NATIONAL ASSOCIATION OF<br>PROFESSIONAL PROCESS SERVERS,<br>PAUL TAMAROFF, FLORIDA<br>ASSOCIATION OF PROFESSIONAL<br>PROCESS SERVERS and JOHN AND/OR<br>JANE DOE 1-3,       Defendant(s) | ) ) ) Case No.: 2:13-cv-157-Ftm-38DNF<br>) ) ) ) ) ) ) |

## PLAINTIFFS RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND RECONSIDERATION TO APPOINT COUNSEL

Plaintiff deny's all statements of fact or interpretations of presented law offered by the

defendants through their counsel in their dispositive motion to dismiss. The plaintiff's

pleadings clearly include the facts with exhibits relating to the pleadings and are plausible.

The defendants are reciting the standard motion to dismiss and overlooked large sections of

the actual content of the pleadings especially ignoring the referenced exhibits. The pleading

exceeds the plausibility standard as is currently the US Supreme court alleged heightened

pleading standard. The plaintiff incorporates Justice Stevens dissent in Twombly and  Justice

Souter dissent IQBAL in full and advises the court the confusion even among the skilled, the

circuits, and the districts regarding the standards of plausibility requiring a higher pleading

standard when even the US Supreme Court themselves refused to define it as such, it is what it is.

## I. Defendants INTRODUCTION

Defendants suggest to the court that the Plaintiff's complaint is filled with "bare, unsupported, and false allegations of so called "facts."" The defendants are reciting the standard motion to dismiss and are doing so without acknowledging the exhibits and the reference to same showing a clear causal link to the expulsion and the IRS complaints. The pleadings and exhibits survive the motion to dismiss and are probable far beyond the plausible standard.

The court has ruled this is not a complex case in unfavorably deciding the motion to appoint counsel. The defendants appear to suggest now that the complexity of this case may hinge on the complexity and various district and circuit interpretations of TWOMBLY and IQBAL that even the Supreme court themselves stated was not to be considered a heightened pleading standard. The overwhelming recital of defendant's motion to dismiss seems to suggest that this case is complex. That may cause the court to now reconsider the complexity basis for the denial of appointing counsel and reconsider appointing counsel. In addition, there are multiple erroneous statement by the defendants in support of their motion to dismiss:

Defendants, through their counsel, and in their motion to dismiss, are asking the court to

avoid gathering evidence that is in the exclusive control of the defendants. The pleading and exhibits all show a plausible connection to the law enforcement complaints and the expulsion which led to the loss of plaintiffs livelihood to be proved at trial. All are factual components of a violation of the law as properly plead in the complaint.

Defendant alleges Plaintiff does not allege facts sufficient to support any of his claims. Accordingly, defendants requested that the court grant its motion to dismiss plaintiff's complaint in its entirety.

Defendants and their counsel failed to read the complaint and the exhibits entirely. They have presented a revised or edited version of the plead facts to the court for its review in their motion for dismissal. This in an attempt to further silence a complete and proper review of all the events and ambiguous and out right deviations to existing NAPPS bylaw processes that lead to the expulsion The pleadings are not conclusory but fact based exhibit supported that the defendants actions are contrary to public policy. Specifically Sarbanes Oxley was designed to combat corporate fraud to protect whistleblowers and to encourage whistle blowing claims. Through proper fact gathering in discovery this will further show intent of the defendants. That will assist the court through discovery to conclude in plaintiff favor in complete support of plaintiff's RICO claims and all positions of the plausible complaint facts and exhibits.

## II. FACTUAL BACKGROUND

### A. Expulsion From Membership.

The defendants in support of its motion to dismiss suggests the court does not need to get to be the fact finder in this very important issue. That the defendants counsel can attest to all truths and should be believed without challenge. The defendants through their counsel has prepared for the court an example of what it's truth's opine, as follows:

1. **"On November 13, 2012, Larry Yellon, a NAPPS member and former NAPPS president filed a complaint against the plaintiff."**

   This defendant counsel statement is untrue. Mr Yellon's complaint was on November 21, 2012 . Mr Yellon was not a former NAPPS president but the current one. see exhibit :A in pleadings"

2. **"On January 7, 2013, NAPPS notified plaintiff that the board of directors had voted to revoke his NAPPS membership. After reconsideration, the board of directors affirmed its decision."**

   This statement comprises a period of 45 days and does not apprise the court of the activities or FACTS.

The board's decision to affirm was February 2, 2013 and involved numerous procedure errors in violation of the bylaws. The affirmation came based on plaintiff's stated position that if NAPPS reinstated his membership, he would continue to engage in the protected activities for which his membership was revoked. At the hearing the plaintiff stated to all the board members that plaintiff would not end his communication to the IRS and USDOJ relating to the illegal tax evasion and the self dealing of a non profit leadership of NAPPS.

This statement by the defendants leaves out to this court that the activities the defendants wanted me to cease from doing are protected activities of contacting the IRS, and the USDOJ both law enforcement agencies regarding illegal activities of the leadership of NAPPS.

The defendants would like the court to believe his complaints to the IRS and the USDOJ are vague. The exhibit include the IRS responses how the defendants determine that is not sufficiently supported is beyond comprehension but instead leads one to believe the defendants counsel believes the court will not have time to read the pleadings and exhibits.

## B. Conceivable V Plausible

The motion to dismiss proffered by the defendants counsel cherry picks through the pleadings. The defendants attempts to use only parts of the pleadings in it motion to dismiss. The defendants remain in full control of the numerous secret documents and depositions that will fully expose, even beyond reasonable doubt, the conspiracy of the defendants. The

discovery will identify other participants. The discovery will show that the retaliation against the plaintiff is not an isolated event and the activities detailed in the complaint are a part and parcel of a pattern of wrongdoing including numerous retaliation of other individuals including 4 past president of the NAPPS. In order to make their scheme function they needed to expel me, as they have others, to send a message to others. "That if you do not do what they needed you to do there will be serious consequences."

The defendants make general allegations that the facts the plaintiff present are false which by it very premise requires further review and the motion to dismiss should not be granted while these admitted questions of fact persist. Pleading are not the time to prove up the facts but the facts presented should be a time for a jury to hear under the 7th amendment of the US Constitution if a jury trial is subsequently required through an amended pleading.

Plaintiff has supplied to the court and defendants in pleading and exhibits facts detailing the plausibility of the claim. Defendant appear to be reciting standard language in a motion to dismiss hoping the court will simple approve.

This complex case interpreting TWOMBLY and IQBAL appears to be the technical defense that asks the court to conclude as if all the facts are already before it and it should just toss the plaintiff case. The exhibits with the pleading show plausibility that plaintiff was retaliating against for complaints to law enforcement regarding tax evasion and the protection of a corrupt enterprise through self gain of non profit leaders now called defendants.

The defendants reject the complaint in this case because the claimed conspiracy is "conceivable" but not "plausible," the defendant's assessment of the plausibility of this alleged conspiracy requires the court to make factual determinations based on counsels statements and nothing else .The defendants appear to be asking the court to determine probability instead of plausibility. "seemingly or apparently valid, likely, or acceptable." *Webster's II New Riverside University Dictionary* 901 (1994). The pleadings and exhibits shows it is plausible that 2 hours prior to my expulsion notice the chair of that meeting where the expulsion decision was born wrote in the emailed exhibit 6 his disdain for my making complaints to law enforcement. Exhibit 6 is there for the defense to view and was served upon them by the US Marshall office. The defense would like the court to believe that it is vague in its support for a motion to dismiss. I request the court read the exhibits.

Even if the defendants's speculation is correct, and the court believe's the opposing counsel *opinion* that the pleading of the plaintiff does not reach plausiblity its, Twombly and Iqbal "plausibility" standard is irreconcilable with Rule 8 and with our governing precedents and amendment 7 of the US Constitution. As made clear in *Swierkiewicz* and *Leatherman*, fear of the burdens of litigation does not justify factual conclusions supported only by lawyers' arguments rather than sworn denials or admissible evidence.

### Complex Case

I requested the court to appoint counsel as this case is complex. Not only may it be a case of first impression under the TWOMBLY and IQBAL heightened pleading standard is a clear indicator my request for appointed counsel was proper and in line for the efficiency of this court and appellant courts. The denial of that request requires a prose plaintiff to pursue complicated technical interpretations of unsettled Supreme Court rulings that ultimately will need further review. Many district and circuits are struggling with this well recited defense use of these cases to seek dismissal of cases without complete gathering of hidden facts controlled by the defendants only to be revealed through reasonable discovery.

The complexity of this case also includes first impression as it relates to Sarbanes Oxley as DeGuelle v. Camilli, No. 10-2172, 2011 U.S. App. LEXIS 24868 (7th Cir. Dec. 15, 2011) dutifully noted that no court has yet addressed witness intimidation through retaliation relating to law enforcement complaints.

"Though we too are unable to articulate a guiding principle that will "unerringly distinguish a factual finding from a legal conclusion," Swint, 456 U.S. at 288, 102 S.Ct. at 1790, "...*Florida Progress Corp. & Subsidiaries v. Comm'r*, 348 F.3d 954, 960 (11th Cir. 2003) As the 11th circuit has reported the issues of facts v. conclusions are not as clear cut. To gateclose this case prior to evaluating all the facts through discovery undermine the efficiency and administration of the courts to address this issue to its proper conclusion based on all facts.

**REQUEST THE COURT REJECT THE MOTION TO DISMISS PROPOSED BY**

**THE DEFENDANTS**

Plaintiff request the court denies the motion to dismiss and requires the defendants to answer

consistent with FRCP Rule 8 (e) "Construing Pleadings. Pleadings must be construed so as to

do justice"

**REQUEST THE COURT RECONSIDERS THE APPOINTMENT OF COUNSEL**

With the presentment of the defendants complex motion to dismiss I request the court revisits

and reconsiders now favorably the motion to appoint counsel.

Dated this 29th day of June , 2013

Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

**CERTIFICATE OF SERVICE**

 I hereby certify that on June 29, 2013, I mailed via USPS postage prepaid the foregoing to
the Clerk of the Court of the Middle District of Florida 2110 First Street
Ft. Myers, Florida 33901 and upon entry by the court CM/ECF system will send a notice of
electronic filing to Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A. and
all counsels of record.