UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

       Plaintiff,

v.                                    Case No: 2:13-cv-157-FtM-38DNF

LAWRENCE NORMAN YELLON,
BOB MUSSER, H. ERIC VENNES,
LANCE RANDALL, RONALD R.
EZELL, STEVEN D. GLENN,
JILLINA A. KWIATKOWSKI, RUTH
A. REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, JOHN DOE 1, JOHN
DOE 2 and JOHN DOE 3,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants Yellon, Musser, Vennes, Randall, Ezell, Glenn, Kwiatkowski, Reynolds, Crowe, Tamaroff, and National Association of Professional Process Servers' ("NAPPS") Motion to Dismiss (Doc. #57) filed on June 21, 2013. Also before the Court is Defendant Florida Association of

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Professional Process Servers ("FAPPS"), Randall, and Musser's Motion to Dismkiss (Doc. #59) filed on June 24, 2013. Plaintiff *pro se* filed his response in opposition (Doc. #75) on July 1, 2013. Thus, the Motions are now ripe for review.

On March 4, 2013, Plaintiff filed a 56-page, 249-paragraph, seven-count Complaint against the Defendants. (Doc. #1). Plaintiff alleges the following in his Complaint: Plaintiff, Randy A. Scott, is a process server and a former member of NAPPS. Plaintiff was expelled from NAPPS membership for what he alleges was retaliation for acting as a whistleblower regarding fraudulent information provided by NAPPS' and FAPPS' financials to the IRS. Id. at ¶138. He alleges that he had been informing the organizations and their members regarding the alleged illegal activities he had uncovered and he was dismissed. He alleges the Defendants were involved in a scheme that required fraudulent wire and/or mail transfers of IRS 990 forms which contained materially false statements. Id. at ¶125. Plaintiff alleges that over "the past 30 years and specifically the last 5 years NAPPS has materially misstated" income advertising and evaded taxes. Id. at ¶81. Part of the allegations are on "information and belief." Id. at ¶94. Plaintiff seeks to prohibit the RICO Defendants from utilizing the pattern of unlawful conduct in which they have continually engaged during the relevant time period and expect to continue. Id. at ¶171. Plaintiff alleges that the pattern of racketeering engaged in by the RICO Defendants involved at least two separate but related acts of racketeering activity, carried out from approximately 2005 through February 11, 2013. Id. at ¶172. Plaintiff brings claims pursuant to the Racketeer Influenced and Corrupt Organizations statutes ("RICO"), defamation, mail and wire fraud, violations of the Sarbanes-Oxley Act's whistleblower provision, breach of

contract, wrongful termination, and defamation based on NAPPS's alleged tax evasion, its retaliation, and his expulsion from membership.

Defendants allege that Plaintiff's Complaint is filled with bare, unsupported, false allegations and fails to state a claim upon which relief may be granted. Defendants FAPPS, Randall, and Musser (Doc. #59) argue in part that Plaintiff's Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8 and is an impermissible "shotgun pleading." The Court agrees. Plaintiff has lumped "Defendants" together under each Count. By lumping "defendants" together, Plaintiff has failed to comply with Fed. R. Civ. P. 8. Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." Pro Image Installers, Inc. v. Dillon, No. 3:08cv273, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009) (citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)); Bentley v. Bank of Am., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997), factual allegations must give **each** defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement. See Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996); Lane v. Capital Acquisitions & Mgmt., Co., No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping

all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8."). Plaintiff will be required to replead to separate **each** Defendant and the allegations against each of them under each separate Count.

Additionally, Plaintiff's Complaint contains paragraphs realleging the allegations in 200 preceding paragraphs under each Count, or simply stating "as set forth above" or "as alleged with particularity above." (Doc. #1, ¶¶209, 214, 231, 237, 240). This is a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Thus, Plaintiff will be required to replead each of his claims and to specify which factual allegations are relevant to each Count.[2]

Accordingly, it is now

**ORDERED:**

(1) Defendants' Motion to Dismiss (Doc. #59) is **GRANTED in part**.

(2) Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint on or before **August 9, 2013.** *Failure to do so may result in DISMISSAL of this action without further notice.*

---

[2] Once Plaintiff has been provided the chance to file an amended complaint which separates the Defendants and the Counts against them, Defendants may re-file motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), addressing the arguments for dismissal of each Count against them. The Court does not address the substantive arguments regarding dismissal pursuant to Fed. R. Civ. P. 12(b)(6), but grants the dismissal for insufficient pleading.

(3) As Plaintiff's Complaint is dismissed, Defendants Yellon, Musser, Vennes, Randall, Ezell, Glenn, Kwiatkowski, Reynolds, Crowe, Tamaroff, and National Association of Professional Process Servers' ("NAPPS") Motion to Dismiss (Doc. #57) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of July, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record