FILED

2013 JUL 12 PM 1:56

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| Randy A Scott, | Case No.: 2:13-cv-157-Ftm-38DNF |
| Plaintiff, | |
| vs. | |
| LAWRENCE NORMAN YELLON, BOB MUSSER, H. ERIC VENNES, LANCE RANDALL, RONALD R. EZELL, STEVEN D. GLENN, JILLINA A. KWIATKOWSKI, RUTH A. REYNOLDS, GARY CROWE, NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, PAUL TAMAROFF, FLORIDA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS and JOHN AND/OR JANE DOE 1-3,     Defendant(s) | |

## REQUEST THE COURT RECONSIDERS THE APPOINTMENT OF COUNSEL

With the presentment of the defendants counsel complex motion to dismiss I request the court revisits and reconsiders now favorably the motion to appoint counsel.

## Complex Case

I requested the court to appoint counsel as this case is complex. Not only may it be a case of first impression under the TWOMBLY and IQBAL heightened pleading standard is a clear indicator my request for appointed counsel was proper and in line for the efficiency of this court and appellant courts. The denial of that request requires a prose plaintiff to pursue complicated technical interpretations of unsettled Supreme Court rulings that ultimately will need further review. Many district and circuits are struggling with this well recited defense use of these cases to seek dismissal of cases without complete gathering of hidden facts

controlled by the defendants only to be revealed through reasonable discovery.

The complexity of this case also includes first impression as it relates to Sarbanes Oxley as *DeGuelle v. Camilli*, No. 10-2172, 2011 U.S. App. LEXIS 24868 (7th Cir. Dec. 15, 2011) dutifully noted that no court has yet addressed witness intimidation through retaliation relating to law enforcement complaintsz.

"Though we too are unable to articulate a guiding principle that will "unerringly distinguish a factual finding from a legal conclusion," Swint, 456 U.S. at 288, 102 S.Ct. at 1790, "...*Florida Progress Corp. & Subsidiaries v. Comm'r*, 348 F.3d 954, 960 (11th Cir. 2003) As the 11th circuit has reported the issues of facts v. conclusions are not as clear cut. To gateclose this case prior to evaluating all the facts through discovery undermine the efficiency and administration of the courts to address this issue to its proper conclusion based on all facts.

Dated this 12th day of July, 2013

*[signature]*
Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2013, I delivered the foregoing to the Clerk of the Court of the Middle District of Florida 2110 First Street Ft. Myers, Florida 33901 and upon entry by the court CM/ECF system will send a notice of electronic filing to Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A. and all counsels of record.