FILED

2013 JUL 12 PM 1:54

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Randy A Scott, | ) Case No.: 2:13-cv-157-Ftm-38DNF |
| Plaintiff, | ) |
| vs. | ) |
| LAWRENCE NORMAN YELLON, BOB MUSSER, H. ERIC VENNES, LANCE RANDALL, RONALD R. EZELL, STEVEN D. GLENN, JILLINA A. KWIATKOWSKI, RUTH A. REYNOLDS, GARY CROWE, NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, PAUL TAMAROFF, FLORIDA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS and JOHN AND/OR JANE DOE 1-3, Defendant(s) | ) ) ) ) ) ) ) |

## PLAINTIFFS RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Defendants FAPPS, MUSSER and RANDALL through their counsel state that their motion to dismiss was mailed on June 24, 2013. Plaintiff cannot confirm or deny that statement. Plaintiff was out of town from June 22, 2013 until July 9, 2013 and received the defendants motion to dismiss for the first time on July 9, 2013.

Plaintiff deny's all statements of fact or interpretations of presented law offered by the defendants through their counsel in their dispositive motion to dismiss. The plaintiff's pleadings clearly include the facts with exhibits relating to the pleadings and are plausible. The defendants are reciting the standard motion to dismiss and overlooked large sections of the actual content of the pleadings especially ignoring the referenced exhibits. The pleading exceeds the plausibility standard as is currently the US Supreme court alleged heightened pleading standard. The plaintiff incorporates Justice Stevens dissent in Twombly and Justice

Souter dissent IQBAL in full and advises the court the confusion even among the skilled, the circuits, and the districts regarding the standards of plausibility requiring a higher pleading standard when even the US Supreme Court themselves refused to define it as such, it is what it is.

MEMORANDUM OF LAW

STATEMENT OF ALLEGATIONS

The pleading states that FAPPS and NAPPS and MUSSER, RANDALL in their dual capacities on both organizations, controlled by NAPPS, are a part and parcel of the fraud associated with the IRS evasion of taxes and the retaliation to the plaintiff. Plaintiff first inquired of FAPPS while he was a member and was threatened by MUSSER and RANDALL and FAPPS with expulsion if plaintiff did not begin to "work within the system" and remain silent of the illegal activates of FAPPS private dealings and evasion of taxes related to private inurement of a non profit organization. The facts will bear out that all the defendants have communicated in various ways, through electronic mail, telephone calls, and in person travel across state boundaries to affect the scheme in a culminating event of three official board actions where all defendants were present.

The plaintiff reiterates what is present in the pleading that he had reported these illegal activities to the IRS and the USDOJ as shown in the exhibit to the complaint.

Plaintiff did not voluntarily resign his membership but he was threatened by MUSSER with the entire board of FAPPS support that if plaintiff did not cease the complaints about the illegal activities Plaintiff would be expelled.

The pleading contains sufficient factual allegations to render the alleged

claim "plausible on its face." The exhibit read on their own would show a direct contemporaneous relation to the expulsion tie to IRS complaints. The plaintiff alleges specifically that the relationships of the defendants in NAPPS, FAPPS and among their own private interests use a non profit entity for their own gain and in doing so committed the numerous predicate acts to protect their numerous illegal tax and self dealing schemes

ARGUMENT

The plaintiff has included the short and plain statements from 174 – the pleading end. Rule 8 concludes with "(e) Construing Pleadings. Pleadings must be construed so as to do justice." The defendants cite Anderson v. Dist. Bd. of Trs. Of Cent. Florida Cmty. Call., 77 F.3d 364, 367 (11th Cir. 1996). Anderson concludes with "Determining precisely what the plaintiff is contending is a matter best left to the district court--either by requiring Anderson to replead his case or by requiring all parties to state on the record the theories under which they are proceeding and the facts that support their theories."

The defendants counsel further uses Lampkin-Asam. Lampkin-Asam ruling concluded with "as a former attorney and person who possess formal legal training, should have been able to draft a complaint that complies with Rule 8." Plaintiff is not an attorney and asked the court to appoint counsel knowing for the efficiency of the court and the "technical language" the system is used to it would be beneficial to all parties. Regardless I believe the the pleading is plausible in it current form and complies with Rule 8 especially enough to survive a motion to dismiss as it relates to section E of Rule 8.

The defendants counsel goes on to suggest that no injury has occurred to the plaintiff. In the plaintiff pleading the word directory appeared 17 times. The plaintiff clearly demonstrated

with specificity the value of being listed in the directory with specific number related to same. With the expulsion from NAPPS and removal from the directory that business is gone. The defendants are suggesting in their motion to dismiss that trials are never necessary or the relating discovery associated with same. They are suggesting that all facts and evidence must be laid out and bare for the case to be decided without any further review. In plaintiff pleadings and numerous external publications I have always asked for review. The defendants are asking the court to continue their practice of no review of their activities. Plaintiff pleading shows that the defendants arte the heads of an organized corrupt organization. The defendants use the guise of a legitimate business called NAPPS and convert the leadership positions to their private gain. The activities then are a culture which causes many of the members to follow lock step. When these leaders expel members such as Jeff Bannister, Joe Butler, David Shirtzner all ex-presidents of NAPPS the most recent in 2011. The defendants hold meeting discuss matters and decide how to control the organizations. Paul Tamaroff a defendant in this matter rose at a meeting of NAPPS prior to my membership that the last thing NAPPS want is an IRS review of its practices. Plaintiff is the first to challenge the defendants.

Proximate cause of Plaintiff injury is the racketeering alleged in the pleading. The predicate act to support the racketeering includes using the US mail, electronic mail over state line, traveling over state line to various location to codify its acts, and retaliation for makin complaints to law enforcement. This is a part and parcel of the entire class of defendants listed and known at this time. They all defendants meet in private and codify the illegal activity in the legitimate actions of the NAPPS enterprise,

The defendants counsel goes on to suggest that the plaintiff cannot show an injury. Defendants through counsel attempts to argue to the court that if there is an injury it is not related to the fraudulent filings of IRS documents via electronic or US postal office. Or in other words the plaintiff has no standing. The predicate act of the RICO violations of fraudulent tax filing is an ongoing scheme covering many years including the last five years of mailing and/or electronic filing. The defendants are attempting to separate these events from the expulsion. The record already before the court shows in the exhibits and facts plead including multiple statements from multiple defendants in the exhibits that show the proximate cause to the expulsion was plaintiff challenges. Specifically 2 hours before the expulsion notice began MUSSER with the defendant notice included made comment in an email about plaintiff IRS complaints made. This is something that discovery will further support even beyond reasonable doubt for several defendants and well beyond the plausible pleading standard to survive this motion to prevent full review.

In the Anza v. Ideal Steel Supply Corp., and Hemi Group. LLC v. City of New York . N.Y., the defendants counsel attempt to suggest to the court that these cases are completely instructive to the cause that plaintiff has plead here. It has some guidance of proximate cause to the injuries of the parties but is quite different. Those cases involved an indirect action of fraudulent tax filing giving a competitor (third party) advantage over them. This case involves direct control of plaintiffs livelihood through removal from membership and the well used directory. In fact, as a precursory to the discovery of the losses of the plaintiff here are two examples. The US Federal Court of the Northern District of California and The US Federal Court of The Northern District of Georgia both have publications on line and in print

that links to the NAPPS directory, exclusively! The State of Delaware gave a contract where it was a provision that ONLY NAPPS member could serve the process! If you are a process server and not in NAPPS directory you will not get business from those sources endorsed by the federal courts, municipal governments and fellow NAPPS members. This highlights the private gain of a non profit association. A foundational motive why IRS tax forms are filled with as opposing counsels calls it"errors" or as I have made complaints to law enforcement as fraudulent. It all is depending on the depth of those who will do the review. The motion to dismiss is another attempt to prevent review.

The defendants in this matter, filed in their official fiduciary responsibilities fraudulent IRS filings to evade taxes. They sent it through the US mail and electronically, They held meetings communicated electronically and traveled over state lines to join in and approve all actions. All defendants are involved in covering up those fraudulent tax filings and the other plead activities of self dealing for private gain in a non profit organization. It has been a pattern and it is enforced by expelling members who would question them. Plaintiff expulsion is a direct link to RICO activity and the plaintiffs loss of livelihood provable in discovery and at trial.

Opposing counsel relays to the court the 18 U.S.C. § 1512 and § 1513 does not support plaintiff claim. 18 U.S.C. § 1512 clearly states .." **(f) For the purposes of this section— (1) an official proceeding need not be pending or about to be instituted at the time of the offense;** and (g) . (2) that the judge is a judge of the United States **or that the law enforcement officer is an officer or employee of the Federal Government or a person authorized to act for or on behalf of the Federal Government or serving the Federal**

**Government as an adviser or consultant.** The IRS and USDOJ are both qualified law enforcement participants and the defendant counsel highlight of official proceeding is confusing and off point.

The counsel further identifies an issue of employee relationship to perfect the cause of action that requires a complaint with the DOL. Although this case stems from retaliation under Sarbanes Oxley affecting plaintiff livelihood NAPPS bylaws are clear. It may be shown that NAPPS member are employees under the rules identifying same by the IRS. NAPPS bylaws states "Each member shall comply with all instructions given by the forwarding party." And the control of the work product may make NAPPS like an employment agency and additional violative of pecuniary gain not allowed under non profit laws.

Defendant counsel also highlights employee as the governing purpose that the 1513 claim fails yet " 18 U.S.C. § 1512 clearly states (e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment **or livelihood of any person**, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both. 1513 is not exclusive to employee employer relationship but livelihood. The defendants goal was and is to destroy plaintiff's livelihood. Discovery then trial will show that the purpose of the defendants was to retaliate and break the plaintiff where there would be no options for full review of their actions.

Defendant counsel supplies numerous argument relating to overarching schemes not intended or targeted to defendant as a reason to support dismissal. All of these cases are pre Sarbanes

Oxley. 18 U.S.C. § 1512 specifically creates a violation of law these cases did not have in their opinions. Plaintiff reiterates to the court that he was targeted specifically in retaliation for his law enforcement complaints contrary to 18 USC 1513 as properly pleaded in the complaint. The predicate acts are the pattern part and parcel of a conspiracy of the defendants to violate numerous laws consistent with a corrupt organization under RICO including and concluding with the retaliatory actions against plaintiff. Yet it is not concluded with plaintiff expulsions. The very action of retaliation is and was by design to behavior modification of others who would so dare to challenge the corrupt activities of the leaders of the organization named here as defendants. Case n point NAPPS organization and attorney pro hac vice in this matter are plaintiffs in a SLAPP suit in Oregon against others who would challenge the illegal actions of those who convert the legitimate business of NAPPS to their own profit and private gain.

(1) the defendants committed two or more predicate acts within a ten-year time span; Each year from today going back 10 years NAPPS enterprise and the named defendants transmission of fraudulent IRS 990 to the IRS constitute a separate act. Joe Butler, David Shirtzner, and Jeff Bannister all presidents of NAPPS were expelled and the transmission of the decisions were through the US mail, the travel of the defendants were across state lines to meet and perform the expulsions and  (2) the predicate acts were related to one another as the goal was to protect the private dealings and private profit of non profit members and concentrated levels of profit among the leadership and (3) the predicate acts demonstrated criminal conduct of a *continuing* nature as expulsions of members for making law enforcement complaints cause future challengers to remain silent. In addition GARY

CROWE received a 5 year administrator contract valid until 2018 voted on and approved exclusively by the defendants that uses the proceeds of the fraudulent IRS filings and the continuing nature of private inurement of a non profit organization through legal community use of its directory to the benefit exclusively of its members. A foreseeable continuing violation of IRS law regarding the operation of a non profit.

Plaintiff relied on the information supplied by the legitimate NAPPS in its IRS 990 filings. These are public documents open to inspection. Plaintiff relied on the statements contains within them as accurate. In addition, plaintiff relied upon the bylaws, code of ethics, and policy of the legitimate NAPPS in his dealings with the organization. The NAPPS enterprise with the named defendants has converted, as plead in the complaint with supporting exhibits, the legitimate NAPPS organization into a criminal enterprise for the private gain to it leadership and in its directory propagates the private gain to its members. To protect the illegal activity they must silence the opposition and remove from its membership those who ask for law enforcement direction to clean it up. Point of reference regarding the law enforcement complaint it came only after numerous private discussions with the leadership that went ignored.

The pleading shows numerous predicate acts committed by the defendants including but not limited to 18 USC 1513 that directly effected the plaintiffs livelihood that will be proven at trial.

This response to motion to dismiss and the prior response motion to dismiss are incorporated for both motion to dismiss by both counsel.

## COUNSELS COMPREHENSION OF THE COMPLAINT

Based on the opposing counsel response it appears they understand the causes of action the plaintiff has plead. Within their response they argue defendant is rambling, incoherent, failure to state a cause of action, failure to follow rules of court. Yet it appears their combined response grasp the severity of the allegations outlined in the plaintiff case. All these are standard recitals of motion to dismiss used against all prose plaintiffs. This claim involves complex issues of a case first impression involving Sarbanes Oxley retaliations for plaintiff making complaints to law enforcement and a direct cause of plaintiff loss of livelihood proven at trial. It involves the legitimate organization called NAPPS being converted for private gain to protect the numerous schemes of the defendants. The defendants have no basis of immunity as they are not a government body. The defendants at the lead of CROWE and other unidentified unnamed co-conspirators partake in the fruits of their obedience to the enterprise, of increase opportunities to profit, control a market place, secure a client both in the process serving field and legal and accounting complacency. They do this by making the legitimate business of NAPPS become the illegitimate business of the enterprise in meetings across state lines, in person and electronically. By spending non profit monies to protect their enterprise both foreign and domestic. By converting non profit funds to personal use of growing the for profit gain of a non profit organization and doling out the rewards and punishment to those who support or oppose the illegal activity. A foundational flaw of legitimate organization of a non profit. That must conclude a continuing enterprise that will not cease without an external review equal to their perceived power to prevent review either in politics or expenditures of funds NAPPS enterprise expends all members

money to pay for legal counsel that complies with its wishes and fulfils its purposes.

## REQUEST THE COURT REJECT THE MOTION TO DISMISS PROPOSED BY THE DEFENDANTS

Plaintiff request the court denies the motion to dismiss and requires the defendants to answer consistent with FRCP Rule 8 (e) "Construing Pleadings. Pleadings must be construed so as to do justice"

Dated this 12th day of July, 2013

*Randy Scott*
Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, I delivered the foregoing to the Clerk of the Court of the Middle District of Florida 2110 First Street Ft. Myers, Florida 33901 and upon entry by the court CM/ECF system will send a notice of electronic filing to Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A. and all counsels of record.