Exhibit B

ENTERED
APR 2 2 2013
IN REGISTER BY RRM

FILED
'13 APR 22 PM 4:13
MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

05647

| | |
|---|---|
| National Association of Professional Process Servers, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>John Does 1 - 4,<br><br>Defendants. | Case No. 1304-05647<br><br>COMPLAINT<br><br>(Defamation, Intentional Interference with Business Relations, False Light, and Civil Conspiracy)<br><br>**CLAIM NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>Amount Claimed: $150,000 |

Plaintiff, National Association of Professional Process Servers ("Plaintiff or NAPPS") alleges as follows:

1

NAPPS is an Arizona non-profit corporation that is authorized to transact business in the state of Oregon. NAPPS' administrative offices are located in Multnomah County, Oregon.

2

NAPPS' purpose is to promote, upgrade, and perpetuate the process-serving profession. NAPPS advances the process-serving profession by promoting legislation and rules that advance the profession, combating legislation and rules that harm the profession, promoting professional and ethical standards for the industry, improving relations with the legal community, assisting in the formation and operation of state and regional associations, and promoting NAPPS to the legal community and general public.

Page 1 -   Complaint (Defamation, Intentional Interference with Business Relations, False Light, and Civil Conspiracy)

PDXDOCS:1998980.2

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

1

3

NAPPS is a membership organization open to persons affiliated with the process serving profession.

4

The administration and management of NAPPS is controlled by a Board of Directors, consisting of members and elected officers. NAPPS also has an administrator who is in charge of the day to day operations of NAPPS.

5

Defendants John Does 1-4 ("Defendants") are, on information and belief, present and/or former members of NAPPS.

6

Defendants formed and/or posted on an internet blog called NAPPS Watcher which contained false, defamatory and damaging statements about NAPPS, and its Board members, members and administrator.

7

Among other things, Defendants falsely, wrongfully and maliciously stated on NAPPS Watcher that NAPPS' directors and/or the NAPPS administrator impermissibly used NAPPS resources for personal gain, that the NAPPS directors and/or administrator developed policies designed to thwart the dissemination of information to NAPPS members, that the NAPPS directors and/or administrator refused to provide financial information to NAPPS members in violation of NAPPS procedures and applicable law for the purpose of maintaining personal control of NAPPS and financially profiting thereby, and that the NAPPS directors and/or administrator were involved in tax fraud. Defendants falsely, wrongfully and maliciously stated that the NAPPS' administrator's conduct in making travel and other arrangements was "unethical and inappropriate unless properly disclosed and agree [sic] to in writing." Defendants

Page 2 -   Complaint (Defamation, Intentional Interference with Business Relations, False Light, and Civil Conspiracy)

PDXDOCS:1998980.2

MILLER NASH LLP
ATTORNEYS AT LAW
T (503) 224-5858 | F (503) 224-0155
3400 U S BANCORP TOWER
111 S W FIFTH AVENUE
PORTLAND, OREGON 97204

## Exhibit B

1  falsely, wrongfully and maliciously stated that "To (sic.) many people drunk with authority make
2  these events an orgy instead of a business meeting." Defendants falsely, wrongfully and
3  maliciously stated that NAPPS board members are "former notary frauds and sewer servers."
4  Defendants falsely, wrongfully and maliciously stated that "It is clear that the Yellon Mafia is
5  planning on buying the election next year." Defendants falsely, wrongfully and maliciously
6  stated that "someone is stealing, cheating..." Defendants made false, wrongful, malicious and
7  anonymous derogatory postings and commentary using pseudonyms including the name of a
8  highly respected deceased NAPPS member and former administrator for the sole purpose of
9  harming the NAPPS' membership, administrator, and/or Board members and inflicting distress
10 on NAPPS members, administrator, and/or Board members. Defendants falsely, wrongfully and
11 maliciously indicated that the motive of NAPPS members being active in NAPPS was to sell
12 products and services to NAPPS members. Defendants falsely, wrongfully and maliciously
13 claimed that the NAPPS board and administrator have "strong tendencies to frequently deviate
14 from [NAPPS] policies and procedures," and fail to "honor the bylaws and procedures they
15 swore an oath to" and acted in a manner motivated by "[a]rrogance-ignorance" and with "[s]elf
16 dealing."
17                                             8
18         In addition, Defendants threatened on NAPPS Watcher to provide false,
19 defamatory and damaging information to entities with whom NAPPS maintains contractual,
20 economic and/or business relationships, including but not limited to the Federal Trade
21 Commission, the National Sheriff's Association, and the American Bar Association.
22                                             9
23         NAPPS Watcher was available to be viewed by any person with an internet
24 connection, but, in approximately May, 2012, it was converted to a site requiring a username and
25 password.
26

Page 3 -   Complaint (Defamation, Intentional Interference with Business Relations, False Light, and
           Civil Conspiracy)

PDXDOCS:1998980.2

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# Exhibit B

**FIRST CLAIM FOR RELIEF**
(Defamation *Per Se*)

10

Plaintiff incorporates paragraphs 1-9 above.

11

The statements posted on NAPPS Watcher subjected NAPPS and/or its directors, members and/or administrator, to hatred, contempt or ridicule, and/or tended to diminish the esteem, respect, goodwill or confidence in which they were held.

12

The statements were false and were stated with knowledge of their falsity and/or with reckless disregard of their falsity.

13

The statements were published and they were intended to inflict harm.

14

The statements diminished the reputation of NAPPS and/or its directors, administrator, and members.

15

Because the statements imputed unfitness and lack of integrity in the discharge of employment duties, or prejudiced such entities in their business, trade or profession, they were defamatory *per se*.

16

NAPPS has been damaged in an amount to be determined at trial, but, in any event, in a *per se* amount of not less than $150,000.

///

///

///

Page 4 -  Complaint (Defamation, Intentional Interference with Business Relations, False Light, and Civil Conspiracy)

PDXDOCS:1998980.2

MILLER NASH LLP
ATTORNEYS AT LAW
T. (503) 224-5858 | F. (503) 274-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# Exhibit B

**SECOND CLAIM FOR RELIEF**
*(Intentional Interference With Business Relations)*

### 17

Paragraphs 1-16 are incorporated herein.

### 18

NAPPS has a contractual, economic, or business relationship with, among other entities, the Federal Trade Commission, the National Sheriff's Association, the American Bar Association, members of the above referenced organizations, courts, attorneys, legislators, and businesses throughout the country.

### 19

Defendants were not a party to such relationships.

### 20

The above-referenced statements were uttered with the intent to interfere with NAPPS' relationship with such organizations and its members or with knowledge that such interference was substantially certain to occur as a result of the actions.

### 21

Defendants interfered through improper means and/or for an improper purpose, as a result of the desire to wrest control of NAPPS from its existing operational infrastructure.

### 22

The interference caused harm that resulted in damages in an amount which will be proved with particularity at trial, but, in any event, or not less than $150,000.

**THIRD CLAIM FOR RELIEF**
*(False Light Invasion of Privacy)*

### 23

Paragraphs 1-22 are incorporated herein.

Page 5 - Complaint (Defamation, Intentional Interference with Business Relations, False Light, and Civil Conspiracy)

PDXDOCS:1998980.2

MILLER NASH LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# Exhibit B

**24**

Defendants gave publicity to matters concerning NAPPS that placed NAPPS before the public in a false light by creating NAPPS Watcher and/or posting thereon the derogatory false statements referenced above.

**25**

The false light in which NAPPS was placed by such action was highly offensive to the reasonable person.

**26**

The Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which NAPPS would be placed by the false and derogatory statements on NAPPS Watcher.

**27**

The false light invasion of privacy caused harm that resulted in damages in an amount which will be proved with particularity at trial, but, in any event, or not less than $150,000.

**FOURTH CLAIM FOR RELIEF**
(Civil Conspiracy)

**28**

Paragraphs 1-27 are incorporated herein.

**29**

Two or more Defendants intentionally acted in concert with the intention of defaming Plaintiff and/or its directors, administrator or members, and/or the purpose of wresting control of NAPPS from the existing organizational infrastructure.

**30**

As such, Defendants are jointly liable to Plaintiff.

Page 6 -   Complaint (Defamation, Intentional Interference with Business Relations, False Light, and Civil Conspiracy)

PDXDOCS:1998980.2

MILLER NASH LLP
ATTORNEYS AT LAW
T (503) 224-5858 | F (503) 224-0155
3400 U.S. BANCORP TOWER
111 S W. FIFTH AVENUE
PORTLAND, OREGON 97204

**PRAYER**

WHEREFORE, Plaintiff prays for the following relief:

1. Determining Defendants, and each of them, liable to NAPPS for defamation in an amount not less than $150,000;

2. Determining Defendants, and each of them, liable to NAPPS for intentional interference with business relations in an amount not less than $150,000;

3. Determining Defendants, and each of them, liable to NAPPS for invasion of privacy by false light in an amount not less than $150,000;

4. Determining Defendants jointly liable for the acts of each other for acting in concert in a civil conspiracy;

5. Further judgment in favor of NAPPS for its costs, disbursements, and attorney fees in the full amount legally permitted; and

6. All other relief the Court deems just, equitable, and lawful under the circumstances presented.

DATED this 22 day of April, 2013.

MILLER NASH LLP

_____
Christopher A. Rycewicz
OSB No. 862755
christopher.rycewicz@millernash.com
Phone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Plaintiff NAPPS

Page 7 - Complaint (Defamation, Intentional Interference with Business Relations, False Light, and Civil Conspiracy)

PDXDOCS:1998980.2

MILLER NASH LLP
ATTORNEYS AT LAW
T. (503) 224-5858 | F. (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204