UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

    Plaintiff,

v.                                                 CASE NO. 2:13-cv-157-FtM-99DNF

LAWRENCE NORMAN YELLON, BOB       DISPOSITIVE MOTION
MUSSER, H. ERIC VENNES, LANCE
RANDALL, RONALD R. EZELL,
STEPHEN D. GLENN, JILLINA A.
KWIATKOWSKI, RUTH A. REYNOLDS,
GARY CROWE, NATIONAL
ASSOCIATION OF PROFESSIONAL
PROCESS SERVERS, PAUL
TAMAROFF, FLORIDA ASSOCIATION
OF PROFESSIONAL PROCESS
SERVERS, JOHN AND/OR JANE DOES
1-3,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST THAT THE COURT RECONSIDER THE APPOINTMENT OF COUNSEL

    Defendants Florida Association of Professional Process Servers (herein "FAPPS"), Lance Randall, and Bob Musser, file this Response in Opposition to the Plaintiff's Request the Court Reconsider the Appointment of Counsel, and state:

    1.    Plaintiff filed a Motion for the Appointment of Counsel dated March 19, 2013 (Doc. 12), which was denied by Order of the Court on April 10, 2013 (Doc. 14).

    2.    Plaintiff filed a Request the Court Reconsiders the Appointment of Counsel [sic] on July 12, 2013 (Doc. 81).

    3.    In it's Order denying the Plaintiff's Motion for Appointment of Counsel, the Court stated as follows:

> In the instant case, the Court finds no exceptional circumstances warranting the appointment of counsel. The Court has considered the type and nature of

the case, its complexity, and the Plaintiff's ability to prosecute his claim. This is not a factually complex case and does not raise any new or novel issues or facts. Therefore, the Court will not appoint counsel at this time.

4. The Plaintiff's Request for Reconsideration largely restates the arguments previously advanced in the Plaintiff's initial Motion for Appointment of Counsel. There have been no developments that have increased the complexity of the case since the Court's Order denying the Plaintiff's Motion for Appointment of Counsel. Nothing about the legal nature of the case prevents the Plaintiff from adequately representing himself.

5. The Plaintiff cannot meet the burden required for the appointment of counsel in a civil case, and as such his Request for Reconsideration should be denied.

## Memorandum of Law

No constitutional right to appointment of counsel exists in civil actions. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). See also, Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating "[a] plaintiff in a civil case has no constitutional right to counsel."). The appointment of counsel in a civil matter is a "privilege" and is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Carrol v. Correctional Medical Services, 160 Fed. App'x 848, 849 (11th Cir. 2005) (quoting Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)). The district court has broad discretion in making this decision, *see* Killian v. Holt, 166 F.3d 1156, 1157 (11th Cir.1999), and should appoint counsel only in exceptional circumstances, see Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir.1992). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniel v. Lee, 405 Fed. App'x 456, 457 (11th Cir. 2010) (quoting Kilo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)). As stated above, the Court has previously considered the complexity of the issues raised in the instant matter, and

determined that they do not warrant the appointment of counsel.  The Plaintiff's Request for Reconsideration does not identify any additional facts or legal issues that make this matter complex enough to warrant the appointment of counsel.

WHEREFORE, Defendants Florida Association of Professional Process Servers, Lance Randall, and Bob Musser, respectfully request that the Court enter an Order denying the Plaintiff's Request the Court Reconsiders the Appointment of Counsel, and enter such further relief as it deems just and appropriate.

Respectfully submitted,

/s/ Richard B. Akin, II
Richard B. Akin, II

I HEREBY CERTIFY that on July 18, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and mailed a copy of the foregoing via regular United States Mail to: Randy Scott, Pro Se, 343 Hazelwood Ave. S., Lehigh Acres, FL 33936; and via Electronic Mail to: Christopher A. Rycewitz, Esquire, Miller Nash, LLP, 111 SW Fifth Ave., Portland, OR 97294, Christopher.rycewitz@millernash.com; and Amanda A. Sansone and Thomas Roehn, Carlton Fields, P.A., 4221 W. Boyscout Blvd., Suite 1000, Tampa, FL, 33601, asansone@carltonfields.com.

HENDERSON, FRANKLIN, STARNES & HOLT
Attorneys for Defendants Florida Association of Professional Process Servers, Lance Randall, and Bob Musser
Post Office Box 280
Fort Myers, Florida 33902-0280
239.344.1182 (telephone)
239.344.1554 (facsimile)
richard.akin@henlaw.com

By: /s/ Richard B. Akin, II
Richard B. Akin, II
Florida Bar No. 0068112