UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Randy A Scott,<br>    Plaintiff,<br>vs.<br><br>LAWRENCE NORMAN YELLON, BOB MUSSER, H. ERIC VENNES, LANCE RANDALL, RONALD R. EZELL, STEVEN D. GLENN, JILLINA A. KWIATKOWSKI, RUTH A. REYNOLDS, GARY CROWE, NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, PAUL TAMAROFF, FLORIDA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS and JOHN AND/OR JANE DOE 1-3, Defendant(s) | Case No.: 2:13-cv-157-Ftm-38DNF |

## REQUEST THE COURT RECONSIDERS THE ORDER OF THE DEFENDANTS MOTION TO DISMISS

The order states that the matter is ripe based on plaintiff response to Motion to dismiss. The plaintiff July 1, 2013 response to motion to dismiss was in response to defendant's motion to dismiss of June 21, 2013 in which that defendant's local counsel emailed me a copy of. The court order of dismissal incorporates all arguments within the subsequent motion to dismiss filed on June 24, 2013. The plaintiff had no opportunity to respond and the court therefore did not consider plaintiff arguments in response filed July 12, 2013. The plaintiff obtained from the court clerk the dismissal order dated July 10, 2013 on July 12, 2013 AFTER filing the response to the second dismissal motion. The plaintiff received the physical mailing of the dismissal order on July 13, 2013. The defendants counsel for the

second motion did not email me a copy of their motion. In an introductory call on 05/23/2013 2:24 PM with Mr Akin of the defense responsible for the second motion to dismiss, are conversations where we discussed knowledge of the court decision to not allow me access to the electronic system. He indicated that he will consider sending me email of filings as he believes his clients would have no problem of same.

In the defendants, motion of dismissal filed by the defendants neither counsel first discussed the motions with the plaintiff. Is this not a court rule?

The certification of Mr Akin filing of the motion to dismiss on June 24, 2013 certified he mailed the motion to the plaintiff on June 24, 2013. His certification is not true as the USPS meter stamped exhibit "A" shows it did not get stamped until the 25th of June, 2013 and therefore could not have been mailed, as certified, June 24, 2013.

The order of the court endorses and supports the defendants skill in strategy of litigation. The defendants appear to hold back in submitting the more substantive motion to dismiss with the goal of plaintiff responding to one and not the other, timely. The court codified this practice and granted them what they seek in a act of skill peppered with the inaccurate mailing certification.

The court order appears to be on the 17th day an exacting standard in light of the defendants controlling through their skill the outcome. The certification of the mailing by the defendants states the 24th of June, 2013 yet the USPS stamp shows the 25th of June, 2013. In the exacting sense it appears the pro-se plaintiff is at a disadvantage.

The plaintiff did not get that motion to dismiss until July 9, 2013 as my second response shows. On July 9, 2013 the plaintiff called the clerks office and explained the circumstances and they said to prepare a response and submit it anyway.

**REQUEST TO RECONSIDER**

I request the court reconsider the dismissal order. I request the court include in its reconsideration a discussion of the argument of the plaintiff that he prepared and filed July 12, 2013. I incorporate within this request all records before the court. I request the court construes the pleading liberally to find the exhibits and the pleadings sufficiently shows, even by defendants own words, retaliation occurred. That retaliation was designed to cover up to protect an ongoing enterprise of numerous predicate acts. These predicate act as shown in the pleadings are not exclusively based on mail fraud and can stand even in the exclusion of mail fraud. The enterprise is among the defendants who gain private profit in a non profit organization. Non profit organization are forbidden to private profit of its participants AND the allegation(s) are plausible. I request the court does not allow the standard recital of biases and positions against a prose plaintiff as littered throughout the internet. I request the understanding and construction of the pleadings to be construed so as to do justice. I request that the defendants do not gain a skillful advantage in their interactions with the court and that they are equally compelled to follow the rules. I request the court allows this case to proceed so substantial justice is confidently arrived at by all parties.

Dated this 17th day of July , 2013

*Randy Scott* (signature)

Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2013, I delivered the foregoing to the Clerk of the Court of the Middle District of Florida 2110 First Street Ft. Myers, Florida 33901 and upon entry by the court CM/ECF system will send a notice of electronic filing to Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A. and all counsels of record.



Henderson | Franklin
ATTORNEYS AT LAW
Franklin, Starnes & Holt, PA
Street
Office Box 280
Fort Myers, FL 33902
33902-0280

Randy Scott, Pro Se
343 Hazelwood Ave. S.
Lehigh Acres, FL 33936

FIRST CLASS MAIL



Hasler
$01.720
US POSTAGE






FIRST · CLASS