UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

    Plaintiff,

v.                                       Case No: 2:13-cv-157-FtM-38DNF

LAWRENCE NORMAN YELLON,
BOB MUSSER, H. ERIC VENNES,
LANCE RANDALL, RONALD R.
EZELL, STEVEN D. GLENN,
JILLINA A. KWIATKOWSKI, RUTH
A. REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, JOHN DOE 1, JOHN
DOE 2 and JOHN DOE 3,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss (Doc. #87) filed on July 17, 2013. Plaintiff *pro se* Scott Yellon requests that the Court reconsider its Order granting Defendant's Motion to Dismiss, which dismissed Plaintiff's complaint without prejudice, and allowed him a period of time to file an amended complaint to comply with Federal Rule 8.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing American Ass'n of People with

Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)).  A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined.  Carter, 2006 WL 2620302 at * 1.  The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).  "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

As grounds for reconsideration, Plaintiff states that the Defendants did not consult with him prior to the filing of the Motions to Dismiss.  The Court assumes Plaintiff is referring to the requirement under Local Rule 3.01(g) that a party meet and

confer with the other side prior to filing the motion in an effort to resolve the issue prior to filing. The Rule specifically states excludes a motion to dismiss from the meet and confer requirement.

Plaintiff also argues that the Court did not consider a response to the Motion to Dismiss that he filed on July 12, 2013. (Doc. #82). The Court has considered the arguments raised by Plaintiff in his response in its consideration of the instant Motion and finds that Plaintiff has presented the Court with no facts or law of a strongly convincing nature that would compel the Court to overturn its previous decision that Plaintiff's Complaint failed to meet the pleading requirements of Federal Rule 8.

The Court is allowing this matter to proceed as Plaintiff has been provided time until August 9, 2013 to amend his Complaint. If additional time is needed, Plaintiff may request an extension of time to do so.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss (Doc. #87) is **DENIED**. As previously ordered by the Court, the Plaintiff shall have up to and including August 9, 2013 to file an Amended Complaint if he wishes to do so.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of July, 2013.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record