UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

    Plaintiff,

v.                                          Case No:  2:13-cv-157-FtM-38DNF

LAWRENCE NORMAN YELLON, BOB
MUSSER, H. ERIC VENNES, LANCE
RANDALL, RONALD R. EZELL,
STEVEN D. GLENN, JILLINA A.
KWIATKOWSKI, RUTH A. REYNOLDS,
GARY CROWE, NATIONAL
ASSOCIATION OF PROFESSIONAL
PROCESS SERVERS, PAUL
TAMAROFF, FLORIDA ASSOCIATION
OF PROFESSIONAL PROCESS
SERVERS, JOHN DOE 1, JOHN DOE  2
and JOHN DOE  3,

    Defendants.

## ORDER

This cause is before the Court on the Plaintiff, Randy A. Scott's Request the Court Reconsiders the Appointment of Counsel (Doc. 81) filed on July 12, 2013. On April 10, 2013, the Court entered an Order (Doc. 14) which denied the Plaintiff's Motion for Appointment of Counsel (Doc. 11).  The Court included the following case law regarding the appointment of counsel in a civil case.

> There is no constitutional right to appointment of counsel in civil actions. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). See also, *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating "[a] plaintiff in a civil case has no constitutional right to counsel."). Rather, it is a "privilege" and is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Carrol v. Correctional Medical Services,* 160 Fed. App'x 848, 849 (11th Cir. 2005) (quoting Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)). "The key is whether the pro se litigant needs help in presenting the essential merits of his or

her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniel v. Lee*, 405 Fed. App'x 456, 457 (11th Cir. 2010) (quoting Kilo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

In the prior Order, the Court did not find that exceptional circumstances existed warranting the appointment of counsel. The Plaintiff asks the Court to reconsider its prior Order. A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). Reconsideration of a previous order is an extraordinary remedy. *Ludwig v. Liberty Mutual Fire Insur. Co.*, 2005 WL 1053691 at *3 (M.D. Fla, 2005). "A Court will not alter a prior decision absent a showing of clear and obvious error where 'the interest of justice' demand[s] correction." *Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415 (M.D. Fla. 1996) (quoting *American Home Insurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration "should not be used to raise arguments which could, and should, have been [previously] made." *Prudential*, 919 F.Supp. at 417. Courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.*, 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998), *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M..D. Fla. 1994).

The Court does not find an intervening change in law, new evidence or the need to correct clear error. The Plaintiff does not present any new arguments which convince the Court that exceptional circumstances exist to appoint counsel in this case. Therefore, the Court determines that its prior Order (Doc. 14) stands.

On July 12, 2013, the Plaintiff filed an Objection to Appointment of Pro Hac Vice Christopher Rycewicz (Doc. 80). The Plaintiff is asserting that Mr. Rycewicz should not represent NAAPs because he is "part and parcel to the issue at NAPPS." (See, Doc. 80 at p. 2). The Plaintiff claims that Mr. Rycewicz has a personal stake in the outcome of this case, that he has shown inefficiencies in the case, he prepared a motion to dismiss before being admitted *pro hac vice,* and he is bringing other lawsuits on behalf of NAPPS. The Court does not find any of these reasons sufficient to deny Mr. Rycewicz the opportunity to represent the Defendants in this case. Therefore, the Court will overrule the Objection to Appointment of Pro Hac Vice Christopher Rycewicz.

**IT IS HEREBY ORDERED:**

1) Request the Court Reconsiders the Appointment of Counsel (Doc. 81) is **DENIED**.

2) The Objection to Appointment of Pro Hac Vice Christopher Rycewicz is overruled.

**DONE** and **ORDERED** in Fort Myers, Florida on July 22, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties