UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,                                    Case No. 2:13-cv-157-FtM-38DNF

        Plaintiff,

   v.

LAWRENCE NORMAN YELLON, BOB
MUSSER, H. ERIC VENNES, LANCE
RANDALL, RONALD R. EZELL,
STEVEN D. GLENN, JILLINA A.
KWIATKOWSKI, RUTH A.
REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS SERVERS,
PAUL TAMAROFF, FLORIDA
ASSOCIATION OF PROFESSIONAL
PROCESS SERVERS and JOHN
AND/OR JANE DOE 1-3,

        Defendants.

---

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ASSESS SERVICE OF PROCESS COSTS

      The Court should deny Plaintiff's Motion to Assess Service of Process Costs on defendants.  This opposition is supported by the record herein and the Declaration of Christopher A. Rycewicz in Support of Defendants' Opposition to Plaintiff's Motion to Assess Service of Process Costs ("Rycewicz Decl.").

### I.        Introduction

      No costs for service of process should be assessed upon defendants National Association of Professional Process Servers ("NAPPS"), Lawrence Norman Yellon, Bob Musser, H. Eric Vennes, Lance Randall, Ronald R. Ezell, Steven D. Glenn, Jillina A. Kwiatkowski,

Ruth A. Reynolds, Gary Crowe, or Paul Tamaroff (altogether the "defendants").  All defendants who received requests, with one exception, provided executed waivers.  Apparently, plaintiff failed to file with the court the executed waivers in his possession.  Moreover, plaintiff has not incurred any service costs.  The Court granted his request to proceed in forma pauperis and relieved him of the obligation to implement service.

## II.    Argument

On May 23, 2013, counsel for defendants sent to plaintiff the executed waivers for defendants NAPPS, Ronald R. Ezell, Steven D. Glenn, Paul Tamaroff, Ruth A. Reynolds, and Lawrence Norman Yellon (Rycewicz Decl. ¶¶ 2-5, Ex. 2).  The Notices of Lawsuit and Request for Waivers counsel received from clients did not provide a prepaid means for returning the forms under FRCP 4(d)(1)(C), did not contain instructions, and did not include envelopes within which the Notices were sent.  *Id*.

The Notices provided:  "If you return the signed waiver, I will file it with the court."  (Rycewicz Decl., Ex. 1.)  The Notice was signed by plaintiff and listed his address.

However, it appears from the court docket that plaintiff failed to file the executed waivers with the court even though plaintiff received same from defendants.  Plaintiff's failure to file the executed waivers it received from defendants is entirely beyond defendants' control.   All defendants could do was return the executed waivers as requested.  *See* FRCP 4(c) ("The plaintiff is responsible for having the summons and complaint served within the time allowed").

No executed waivers were sent on behalf of the remaining defendants Eric Vennes, Jillina Kwiatkowski, and Gary Crowe because neither Mr. Crowe nor Mr. Vennes ever

received a Notice of Lawsuit and Request for Waiver.  Ms. Kwiatkoski's executed a waiver and mailed it to counsel but it never arrived.  (Rycewicz Decl. ¶ 7.)

In any case, defendants acceded to this Court's jurisdiction.  On June 21, 2013, local counsel Amanda Sansone filed a notice of appearance on behalf of all defendants (except FAPPS) along with a motion to dismiss, thereby accepting this court's jurisdiction.  (Docket No. 55; Rycewicz Decl. ¶ 8.)  In that motion to dismiss, defendants did not challenge service.  (*Id.*)  *See United States v. 51 Pieces of Real Property Roswell*, *N.M.,* 17 F.3d 1306, 1314 (10th Cir.1994) (under rule 12(h),  a defendant challenging service of process must be raised in a party's first responsive pleading or by motion before the responsive pleading.); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir.1992) ("If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses.") (citing FRCP 12(h)(1)).

Thus, defendants who received notices and waiver requests, with one exception, did in fact sign and return the waivers per plaintiff's request.  For the three defendants who did not execute waivers, they had good cause because two of them did not receive plaintiff's request for waivers and the third did execute and send the waiver to counsel but it never arrived[1].  In any case, this did not prejudice plaintiff as the defendants did not contest service in their first responsive pleading.

Finally, plaintiff has not incurred any service costs.  The court granted plaintiff's motion to file and proceed in forma pauperis (Docket No. 13) and relieved plaintiff of his obligation to pay to effect service of process.  Consequently, the apparent motive underlying

---

[1]  Nor did plaintiff follow up with defendants' counsel on the waivers.  (Rycewicz Decl. ¶ 7.)

plaintiff's motion is something other than to seek recovery of his incurred service costs, and the

consequence of the motion is a waste of the court's, and defendants', resources and time.

### III.    Conclusion

For the following reasons stated above, plaintiff's motion should be denied.

Dated this 26th day of July, 2013.

Respectfully submitted,

/s/Christopher A. Rycewicz
Christopher A. Rycewicz (admitted Pro Hac Vice)
Oregon Bar No. 862755
**MILLER NASH LLP**
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
(503) 224-5858 - Telephone
(503) 224-0155 – Facsimile
christopher.rycewicz@millernash.com

Thomas J. Roehn
Florida Bar No. 183685
Amanda Arnold Sansone
Florida Bar No: 587311
**CARLTON FIELDS, PA**
4221 West Boy Scout Blvd.; Suite 1000
Tampa, Florida  33607-5780
(813) 227-3000 – Telephone
(813) 229-4133 – Facsimile
troehn@carltonfields.com
asansone@carltonfields.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A. (richard.akin@henlaw.com).

Further, I certify that that I e-mailed and mailed a copy of the foregoing to non-CM/ECF participant Randy A. Scott, 343 Hazel Wood Avenue, Lehigh Acres, Florida  33936 (randy@allclaimsprocess.com and randyscott@randyscott.us).

/s/Christopher A. Rycewicz
Christopher A. Rycewicz (admitted Pro Hac Vice)
Attorney