FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2013 JUL 29 AM 9: 18
FORT MYERS DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

| | | |
|---|---|---|
| Randy A Scott, | ) | Case No.: 2:13-CV-157-FTM-38-DNF |
| Plaintiff. | ) | |
| vs. | ) | |
| LAWRENCE NORMAN YELLON, etal | ) | |
| Defendant(s) | ) | |
| | ) | |
| | ) | |

**RESPONSE TO OPPOSITION TO TAX COST**

**DECLARATION OF RANDY SCOTT IN SUPPORT TO ASSESS SERVICE OF**

**PROCESS COSTS AND OPPOSITION TO THE DEFENDANTS COUNSEL**

**DECLARATION**

1. Plaintiff has filed a motion for assessing service of process upon defendants who did not return waivers. ( Docket 86)

2. Rule 4 (D) (C) states ….”be accompanied by a copy of the complaint, 2 copies of a waiver form, and a prepaid means for returning the form;”

3. Mr. Christopher A. Rycewicz includes in his DECLARATION and opposition exhibits that appear to be copies of signed waivers by the individual defendants. These exhibits of his clients state under individual signature that “I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of

this waiver form, and **a prepaid means of returning one** (emphasis added)  signed copy of the form to you.

4. Mr. Christopher A. Rycewicz is asking the court to determine good cause exists to avoid cost because he believes that the prepaid envelopes his clients received were not necessary to be used. That his alternative means of whatever he chooses is sufficient for him and his clients.

5. The declaration of Mr. Christopher A. Rycewicz is suggesting to the court that the prepaid means was not attached to the US Marshals request for waiver. Counsel declares artfully to convince the court he did not receive the prepaid means.  If counsel declaration and his opposition is read carefully it really reads that his clients did not send it to him.

6. The intent of federal rule 4 involving waiving service is clear return postage is a requirement of the plaintiff in seeking waiver of service.

7. Federal rule 4, US Marshal office and all parties rely on defendants using that postage prepaid and self addressed return envelope to return the waivers.

8. In the alternative defendants, counsel could have filed the return of the waiver directly with the court himself if he had concerns.

9.  Mr. Christopher A. Rycewicz pro hac vice had decided strategically to wait to be admitted into the middle district of Florida and in that strategic decision did not have access to file .

10. Co-counsel with Mr. Christopher A. Rycewicz Thomas J. and, Amanda Arnold Sansone had decided strategically to wait to appear into the middle district of Florida and in that strategic decision did not have access to file the waivers themselves.

11. Where an issue exists among counsel and his clients in a case it should not be prejudiced against the opposing party. This debate among Mr. Christopher A. Rycewicz and his clients about who is responsible for failing to properly record the documents the clients received is one for their internal debate, not the court, except in cases of perjury.

12. Should plaintiff had rested on defendants skill and aversions and foregone the technical requirements of service of process plaintiff position of service may have been lacking.

13. Plaintiff had no choice but to seek service of process in the manner the federal rules require.

14. The lack of defendants using the required prepaid return envelope is what caused the service of process to be required and expenses must be taxed to each.

15. The lack of defendants counsel to facilitate the administration of service according to the structure and intent of federal rule 4 is why his clients should be taxed these costs and paid to the US Marshal office.

16. The lack of defendants to supply their counsel with all the documents and mailings in the waiver package to properly return the original signed waivers to the office that is listed on the return envelope to administer the forms with the court further supports the plaintiffs motion

17. Federal rule 4 regarding waiving service is clear and a determination of good cause is fundamentally in conflict with the legislative intent that provides for the efficient administration of justice.

18. Plaintiff now request that the court orders the clerk of court to itemize the returns

of service and fees listed by the US Marshal office and assess the costs to the individual

defendants

Dated this 27ᵗʰ day of July , 2013 8:50 am

Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2013, 8:55 am I electronically mailed the foregoing To

Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A.

(richard.akin@henlaw.com), Christopher A. Rycewicz

christopher.rycewicz@millernash.com, Thomas J. Roehn at troehn@carltonfields.com and ,

Amanda Arnold Sansone to asansone@carltonfields.com.

Further, I certify not being an eligible participant in the CM/ECF system I must wait and

appear at the Middle District of Florida court house at the next earliest hour of their opening

and physically file this response for the court to be fully informed.

Randy A Scott
343 Hazelwood Ave S
Lehigh Acres, Florida 33936
239-300-7007