FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2013 AUG -2 PM 1:49

MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

| | |
|---|---|
| Randy A Scott, ) | Case No.: 2:13-CV-157-FTM-38-DNF |
| Plaintiff, ) | |
| vs. ) | |
| LAWRENCE NORMAN YELLON, etal ) | |
| Defendant(s) | |

## NOTICE REGARDING RULE 26 CONFERENCE

1. Pro-se Plaintiff has filed a complaint in a complex tort case involving multiple defendants in a case of first impression regarding 18 US 1513(e) and its application as a RICO predicate act involving the pro-se plaintiffs loss of livelihood unrelated to an alleged defense of employee/employer status.

2. Court ordered on March 11, 2013 a designation that this case is a track two case. Local Rule 3.05(b)(2) Defines track two cases :

> "shall include all cases not designated as Track One Cases, and not within the definition of Track Three Cases as hereafter stated. Track Two Cases will normally consist of non-complex actions which will require a trial, either jury or non-jury, absent earlier settlement or disposition by summary judgment or some other means. not of a complex nature."

3. Case management of track two cases Rule 3.05(c)(2)(b) reads .

> "Counsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant, <u>or the first appearance of any defendant, regardless of the pendency of any undecided motions, for the purpose of preparing and filing a Case Management Report in the form prescribed below.</u> Unless the Court orders otherwise, parties represented by counsel are permitted, but are not required, to attend the case management meeting. The Case Management Report must be filed within 14 days after the meeting. Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting"

4. On July 10, 2013 the court ordered the case dismissed.

5. On July 16, 2013 defendant counsel Richard B Akin with Christopher Rycewics concurrence mailed via USPS the plaintiff a request to fulfill the 26(f) conference and prepare the report to the court.(exhibit A)

6. On July 24th, 2013 Mr Akin called to discuss the 26(f) conference and his desire to proceed as he stated "it is required by local rule". Plaintiff responded that the more pressing issues to deal with is regarding the court granting defendants motion to dismiss.

7. On July 30. 2013 defendants counsel Mr Akin called to follow up on the status of the rule 26(f) conference.

8. On July 31, 2013 defendants counsel emailed plaintiff directly not including any other recipients the following ...

> "Mr. Scott,
>
> I just wanted to confirm with you, based on our telephone discussion of yesterday, that you will not participate in a joint conference under Rule 26 of the Federal Rules of Civil Procedure. This refusal is based on your belief that the conference is not needed now that your Complaint has been dismissed. As stated, I do not agree with that interpretation and believe that we are still required under the rules to participate in a joint conference and file a joint report. Please let me know if you change your mind.
>
> Regards, Richard Akin

9. On July 31, 2013 Plaintiff responded via email as follows:

> A joint conference will be fine. My schedule is fine Monday - Thursday 9-12:00 eastern time next week.

10. On August 1, 2013 Plaintiff emailed all the counsel of records the following response

> "In order to facilitate the schedules for the Rule 26f conference I forward my availability to the counselors representing the individuals and FAPPS and NAPPS. Please advise what time within Monday - Thursday 9-12:00 eastern time next week August 5th – 8th you can make it. Thank you in advance for you cooperation,"

11. On August 1, 2013 Mr Christopher Rycewicz responded via emailing the plaintiff and all counsel of record the following:

> "Mr. Scott:
>
> I am available 8/8/13 after 1:30 pm pacific time. However, at this time, there is no operative complaint on file with the court and no allegations of fact relevant to discovery matters. Under this circumstance, it might be more prudent to schedule a conference after 8/9/13.
>
> In any event, please let us know of mutual available times after you check with all counsel.
>
> Thank you,
>
> Chris Rycewicz

12. As noted by Mr Chris Rycewicz response this date of 8/8/2013 would put us outside of the timeframe of the local Rule 3.05

13. Plaintiff has sent a reminder to Mr Akin on August 2, 2013 as follows:

> "Good Morning Mr Akin:
>
> In review of 26(f) conference rule we have until August 5th 2013 to meet. I would appreciate if you can forego a joint conference with the other defendants as Mr Rycewicz clients deadline is not until August 21, 2013. Their schedules apparently put us past our schedule. Please advise if Monday August 5th ,2013 can be arranged at a time of your convenience. I have not sent this copy to the other defendants counsel as they are not a party to this time schedule.
>
> Thank you
>
> Randy Scott
> ."

14. Plaintiff now looks substantively at the rule AFTER sending the above email. The applicable rule shows appropriate time would be 60 days from the date of appearance of June 5th for Mr Akin for all defendants.

15. Plaintiff notes some of the confusion of the case management may relate to Mr Christopher Rycewicz being listed as co counsel of record with Mr Richard Akin June 5th, 2013 appearance. The record does not reflect his admittance until June 21, 2013 appearance with co counsel Carlton Fields.

16. If the Plaintiff and defendants counsel meets on or before August 5, 2013 for the case management report Plaintiff will timely submit the report as required under local rule 14 days thereafter.

17. This notice is to the court to be fully informed regarding compliance with rules, laws, for justice.

Dated this 2th day of August, 2013

*[signature]*

Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2013, I electronically mailed the foregoing To Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A. (richard.akin@henlaw.com), Christopher A. Rycewicz christopher.rycewicz@millernash.com, Thomas J. Roehn at troehn@carltonfields.com and , Amanda Arnold Sansone to asansone@carltonfields.com. Further, I certify not being considered by the court to be an eligible participant in the CM/ECF system I must wait and appear at the Middle District of Florida court house at the next earliest hour of their opening and physically file this response for the court to be fully informed.

*[signature]*

Randy A Scott
343 Hazelwood Ave S
Lehigh Acres, Florida 33936
239-300-7007