FILED

2013 AUG 23 PM 2:56

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Randy A Scott, propria persona ) | Case No.: 2:13-CV-157-FTM-38-DNF |
| Plaintiff. ) | |
| vs. ) | |
| NATIONAL ASSOCIATION OF ) PROFESSIONAL PROCESS SERVERS, etal Defendant(s) | |

## NOTICE OF APPEAL TO DISTRICT JUDGE OF MAGISTRATE JUDGES ORDER DENYING MOTION TO EXTEND TIME TO AMEND AND RELATED MOTION TO DIRECT CLERK OF DISTRICT COURT

1. This document consists of 12 pages including exhibits.

2. On August 2, 2013 plaintiff filed a notice of extension of time to amend complaint. Doc 97

3. The district clerk scanned the motion and page 2 and 3 were covered by 1 and 4 and not visible to the court via the electronic file. Doc 97 (since corrected after plaintiff call)

4. On August 5, 2013 Plaintiff filed "Notice of Appeal" and the clerk on its own volition designated the title in the electronic filing "Notice of Interlocutory Appeal" doc 99

5. At 1:30 pm on August 20, 2013 Plaintiff spoke to the district clerk of court regarding docket entry #97 and inquired of the status.

6. At that time the clerk informed plaintiff there was no order or opposition filed to the notice of appeal.

7. Plainitff spent the rest of August 20, 2013 preparing a judicial notice to act on the motion.

8. On August 21, 2013 plaintiff drove to the court house (as plaintiff does not have the attorney privilege of electronic filing) filed with the district clerk a judicial notice for a decision on the unopposed motion.

9. This judicial notice is not yet docketed as the plaintiff, different then the represented defendants, is not the master of his case as to when or how it is filed, but instead the court clerk is the master.

10. On August 21, 2013 AFTER filing the judicial notice plaintiff accessed the pacer system at the court house. (plaintiff is denied access to the lawyer system of filings and therefore can only access the court records via paid access or at the court building)

11. The record reflects the magistrate judge entered an order AFTER my call on August 20, 2013 with the district clerk of court.

12. The magistrate judge indicated that he did not know what the plaintiff was requesting then in that misunderstanding denied with specificity what the plaintiff was requesting. Doc 101

13. The defendants for strategy or convenience or a sanctioned game of skill can enter their filings at the exact date and time as they wish.

## **DIRECT CLERK OF DISTRICT COURT**

1. Plaintiff request the court allows him to be the master of his own case by.

   a. Directing the district court clerk to input the filing at a date and time specific within an hour as requested by the plaintiff. To accommodate the clerk the requested date and time will not be before 24 hours of filing document(s)

   b. Direct the district court to not change the title of the filed documents from what is written by defendant.

   c. Direct the clerk of court to have system in place to confirm all filed documents by plaintiff entered appropriately. Exhibit B Since the court has denied me the privilege of equal access to the court filing system has no way to consistently check on these errors as that occurred in .Exhibit B missing pages.

## TO OVERTURN THE MAGISTRATE JUDGES ORDER AND APPROVE THE EXTENSION AS REQUESTED DOC 97

14. Defendants put forward no position in support or denial of the motion, unopposed.

15. The court titled the appeal interlocutory.

16. Interlocutory appeal is based on non final orders.

17. The motion for the extension of time to respond to the order as clearly recognized by the court was in extension to file an amended complaint.

18. This was separate and distinct from the "interlocutory appeal".

19. Magistrate Judge was confused and did not read the motion liberally

20. In doc 88 exhibit C the Judge ruled **"If additional time is needed, Plaintiff may request an extension of time to do so." Emphasis added**

21. If this was not possible why would the court even suggest it? This appears to be a game of skill.

**IN THE ABSENCE OF GRANTING RELIEF PLAINTIFF REQUESTS THIS COURT TO STATE ITS POSITION and take notice to the court of appeals for all matters.**

22. If it is the courts position to NOT approve any of the plaintiffs requests plaintiff respectfully requests that it turns over all of these subsequent matters interlocutory or otherwise defined by court or the clerk or the defendants to the court of appeals file number 13-13698

Dated this 22th day of August, 2013

_____
Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2013, I electronically mailed the foregoing To Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A. (richard.akin@henlaw.com),

Christopher A. Rycewicz christopher.rycewicz@millernash.com, Thomas J. Roehn at troehn@carltonfields.com and , Amanda Arnold Sansone to asansone@carltonfields.com. Further, I certify not being considered by the court to be an eligible participant in the CM/ECF system I must wait and appear at the Middle District of Florida court house at the next earliest hour of their opening and physically file this response for the court to be fully informed.

*Randy A Scott*

Randy A Scott
343 Hazelwood Ave S
Lehigh Acres, Florida 33936
239-300-7007

Case 2:13-cv-00157-SPC-DNF   Document 101   Filed 08/20/13   Page 1 of 2 PageID 392

**EXHIBIT A**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

    Plaintiff,

v.                                    Case No: 2:13-cv-157-FtM-38DNF

LAWRENCE NORMAN YELLON, BOB
MUSSER, H. ERIC VENNES, LANCE
RANDALL, RONALD R. EZELL,
STEVEN D. GLENN, JILLINA A.
KWIATKOWSKI, RUTH A. REYNOLDS,
GARY CROWE, NATIONAL
ASSOCIATION OF PROFESSIONAL
PROCESS SERVERS, PAUL
TAMAROFF, FLORIDA ASSOCIATION
OF PROFESSIONAL PROCESS
SERVERS, JOHN DOE 1, JOHN DOE 2
and JOHN DOE 3,

    Defendants.

## ORDER

This cause is before the Court on Randy A. Scott's Motion to Extend Time for Amended Complaint (Doc. 97) filed on August 2, 2013. In the title, Mr. Scott is requesting an extension of time to file an amended complaint, but in the body of the motion, Mr. Scott requests an extension of time to respond to the dismissal. The Court entered an Order (Doc. 79) which dismissed this case, and entered an Order (Doc. 88) denying a Motion for Reconsideration. This case is now on appeal. (See, Doc. 99, Notice of Interlocutory Appeal). The Court is unsure as to the relief that Mr. Scott is requesting.

**IT IS HEREBY ORDERED:**

Motion to Extend Time for Amended Complaint (Doc. 97) is **DENIED.**

~~Case 2:13-cv-00157-SPC-DNF Document 101 Filed 08/20/13 Page 2 of 2 PageID 383~~

EXHIBIT A

DONE and ORDERED in Fort Myers, Florida on August 20, 2013.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-2-

Case 2:13-cv-00157-SPC-DNF   Document 97   Filed 08/02/13   Page 1 of 2 PageID 369

Exhibit B   FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA** 2013 AUG -2 PM 1:48
**FORT MYERS DIVISION**

MIDDLE DISTRICT OF FLOR D.
FORT MYERS, FLORIDA

| | |
|---|---|
| Randy A Scott, | ) Case No.: 2:13-CV-157-FTM-38-DNF |
| Plaintiff, | ) |
| vs. | ) |
| LAWRENCE NORMAN YELLON, etal | ) |
| Defendant(s) | |

### MOTION TO EXTEND TIME FOR AMENDED COMPLAINT

1. Plaintiff has filed a complaint pro-se.

2. Plaintiff complaint involves complex issue of racketeering where individual defendants worked together to protect their individual pieces of the schemes all-involving the private gain of nonprofit assets to the individual named defendants which subjectively appears as defendable as shotgun approach in the accepted standard motion to dismiss.

3. Plaintiff understands that the defense did not ask for a more definitive statement but moved the court to conclude the matter and close the case without complete review of the facts.

4. This is a case of first impression regarding 18 US 1513(e) as one of the predicate act whereas the livelihood of the plaintiff was impacted through the racketeering enterprise of which each of the named defendants participated in separate supporting acts forming the unit.. It was not originally plead as an employer employee but separate and distinct livelihood case. A civil racketeering case with a predicate act of 18 US 1513(e).

page 2

page 3

Exhibit B

21. Plaintiff request the extension of the response to the dismissal from August 9, 2013 to November 9, 2013

Dated this 2th day of August, 2013

*[signature]*
Randy Scott
343 Hazelwood Ave S
Lehigh Acres, Fl 33936
239-300-7007

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2013, I electronically mailed the foregoing To Richard Barton Akin, II, Henderson, Franklin, Starnes & Holt, P.A. (richard.akin@henlaw.com), Christopher A. Rycewicz christopher.rycewicz@millernash.com, Thomas J. Roehn at troehn@carltonfields.com and , Amanda Arnold Sansone to asansone@carltonfields.com. Further, I certify not being considered by the court to be an eligible participant in the CM/ECF system I must wait and appear at the Middle District of Florida court house at the next earliest hour of their opening and physically file this response for the court to be fully informed.

*[signature]*

Randy A Scott
343 Hazelwood Ave S
Lehigh Acres, Florida 33936
239-300-7007

page 4

~~Case 2:13-cv-00157-SPC-DNF   Document 88   Filed 07/22/13   Page 1 of 3 PageID 327~~

Exhibit C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

    Plaintiff,

v.                                Case No: 2:13-cv-157-FtM-38DNF

LAWRENCE NORMAN YELLON,
BOB MUSSER, H. ERIC VENNES,
LANCE RANDALL, RONALD R.
EZELL, STEVEN D. GLENN,
JILLINA A. KWIATKOWSKI, RUTH
A. REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, JOHN DOE 1, JOHN
DOE 2 and JOHN DOE 3,

    Defendants.
_____/

### ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss (Doc. #87) filed on July 17, 2013. Plaintiff *pro se* Scott Yellon requests that the Court reconsider its Order granting Defendant's Motion to Dismiss, which dismissed Plaintiff's complaint without prejudice, and allowed him a period of time to file an amended complaint to comply with Federal Rule 8.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing American Ass'n of People with

Case 2:13-cv-00157-SPC-DNF Document 68 Filed 07/22/13 Page 2 of 3 Page ID 338

Exhibit C

Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at *1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

As grounds for reconsideration, Plaintiff states that the Defendants did not consult with him prior to the filing of the Motions to Dismiss. The Court assumes Plaintiff is referring to the requirement under Local Rule 3.01(g) that a party meet and

2

Case 2:13-cv-00157-SPC-DNF Document 88 Filed 07/22/13 Page 3 of 3 PageID 329

Exhibit C

confer with the other side prior to filing the motion in an effort to resolve the issue prior to filing. The Rule specifically states excludes a motion to dismiss from the meet and confer requirement.

Plaintiff also argues that the Court did not consider a response to the Motion to Dismiss that he filed on July 12, 2013. (Doc. #82). The Court has considered the arguments raised by Plaintiff in his response in its consideration of the instant Motion and finds that Plaintiff has presented the Court with no facts or law of a strongly convincing nature that would compel the Court to overturn its previous decision that Plaintiff's Complaint failed to meet the pleading requirements of Federal Rule 8.

The Court is allowing this matter to proceed as Plaintiff has been provided time until August 9, 2013 to amend his Complaint. If additional time is needed, Plaintiff may request an extension of time to do so.

*WITNESS*

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration of the Court's Order on Defendants' Motion to Dismiss (Doc. #87) is **DENIED**. As previously ordered by the Court, the Plaintiff shall have up to and including August 9, 2013 to file an Amended Complaint if he wishes to do so.

**DONE and ORDERED** in Fort Myers, Florida this 22nd day of July, 2013.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3