UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Randy A. Scott,

    Plaintiff,

v.                                                    CASE NO. 2:13-cv-157-FtM-99DNF

LAWRENCE NORMAN YELLON, BOB
MUSSER, H. ERIC VENNES, LANCE
RANDALL, RONALD R. EZELL,
STEPHEN D. GLENN, JILLINA A.
KWIATKOWSKI, RUTH A.
REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, JOHN AND/OR JANE
DOES 1-3,

    Defendants.
_____/

## MOTION TO STRIKE

Defendants, FLORIDA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS ("FAPPS"), LANCE RANDALL, and BOB MUSSER, move to strike the Plaintiff's Judicial NOTICE to respond to docket entry #97 (sic) (Doc. 102) and Notice of Appeal to District Judge of Magistrate Judges Order Denying Motion to Extend Time and Related Motion to Direct Clerk of District Court (sic) (Doc. 104), and state:

    1.    Plaintiff, Randy Scott (*Pro Se*) filed his 56 page Complaint, containing 249 enumerated paragraphs, in this matter on March 4, 2013 (Doc. 1).

    2.    On July 11, 2013, the Court granted the Defendant's Motion to Dismiss (Doc. 79), and granted the Plaintiff until August 9, 2013, to file an Amended Complaint.

3. On August 2, 2013, the Plaintiff filed a Motion to Extend Time (Doc. 97), in which he requested an additional 60 days to file his Amended Complaint.

4. On August 5, 2013, before the Court ruled on the Plaintiff's Motion to Extend Time, the Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Judicial Circuit (Doc. 99). In his Notice of Appeal, the Plaintiff gave notice that he was appealing (among others) the Court's Order of Dismissal dated July 11, 2013.

5. On August 20, 2013, the Court entered an Order Denying the Plaintiff's Motion for Extension of Time (Doc. 101). The Plaintiff then filed his Notice to take judicial notice of docket entry #97 (sic) on August 21, 2013 (Doc. 102). Therein, the Plaintiff appears to argue that his Motion to Extend should have been granted, at least in part, because none of the Defendants responded in opposition to his Motion to Extend. No response was filed because the Plaintiff appealed the order of dismissal, mooting the issue of any extension to file an amended complaint.

6. On August 23, 2013, the Plaintiff filed a Notice of Appeal to District Judge of Magistrate Judges Order Denying Motion to Extend Time and Related Motion to Direct Clerk of District Court (sic) (Doc. 104). The Motion essentially requests the same relief as Doc. 102.

7. As a result of his appeal of the Court's Order dismissing his Complaint to the Eleventh Circuit Court of Appeals, without availing himself of the opportunity to amend, the Order of Dismissal became final. Therefore, the Court was without jurisdiction to consider the Plaintiff's Motion to Extend Time, and this matter is stayed

pending the appeal. The additional Motions and Notices filed by the Plaintiff since his Notice of Appeal (Doc. 99) are improper, and should be stricken.

WHEREFORE, Defendants, FLORIDA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, LANCE RANDALL, and BOB MUSSER respectfully request that this Court enter an Order Striking the Plaintiff's Judicial NOTICE to respond to docket entry #97 (sic) (Doc. 102) and Notice of Appeal to District Judge of Magistrate Judges Order Denying Motion to Extend Time and Related Motion to Direct Clerk of District Court (sic) (Doc. 104), and enter such additional and further relief as the Court deems just and proper.

## Memorandum of Law

The 11th Circuit Court of Appeals addressed the effect of filing a Notice of Appeal where the District Court previously entered an order dismissing a complaint and allowing the appellant leave to amend. The 11th Circuit announced the law in this Circuit as follows:

> In dismissing the complaint, the district court may also provide for a stated period within which the plaintiff may amend the complaint. If the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period. For appeal purposes, we hold that the order of dismissal in this situation becomes final upon the expiration of the time allowed for amendment. The time for appeal is measured from the date on which the district court order of dismissal becomes final. In this situation, the plaintiff need not wait until the expiration of the stated time in order to treat the dismissal as final, but may appeal prior to the expiration of the stated time period. ***Once the plaintiff chooses to appeal before the expiration of time allowed for amendment, however, the plaintiff waives the right to later amend the complaint, even if the time to amend has not yet expired***.

Schuurman v. Motor Vessel Betty K V, 798 F.2d 442, 445 (11th Cir. 1986) (emphasis added);[1] See also Briehler v. City of Miami, 926 F.2d 1001, 1003 (11th Cir. 1991) ("where a plaintiff chooses to waive the right to amend, there is nothing left for the district court to do and the order therefore becomes final"). Schuurman could not be more clear; the Plaintiff voluntarily waived his right to amend when he filed a Notice of Appeal. As a result, the Order of Dismissal is treated as final, and this matter is stayed pending the outcome of the appeal.

"One general rule in all cases (subject, however, to some qualifications) is that an appeal suspends the power of the court below to proceed further in the cause." Newton v. Consol. Gas Co. of New York, 258 U.S. 165, 177 (1922); Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986) (It is the general rule of this Circuit that the filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal). The Notice of Appeal in the instant case appealed the Order dismissing the Complaint, therefore the District Court is divested of jurisdiction to hear any further matters in this action pending the outcome of the appeal.

---

[1] But See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (rejecting the holding in Schuurman and holding that the Order of dismissal does not become appealable until the time to amend has expired).

               Respectfully submitted,

               /s/ Richard B. Akin, II
               Richard B. Akin, II

I HEREBY CERTIFY that on August 27, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and mailed a copy of the foregoing via regular United States Mail to: Randy Scott, Pro Se, 343 Hazelwood Ave. S., Lehigh Acres, FL 33936, and by Electronic Mail to randy@allclaimsprocess.com and randyscott@randyscott.us); and via Electronic Mail to: Christopher A. Rycewitz, Esquire, Miller Nash, LLP, 111 SW Fifth Ave., Portland, OR 97294, Christopher.rycewitz@millernash.com; and Amanda A. Sansone and Thomas Roehn, Carlton Fields, P.A., 4221 W. Boyscout Blvd., Suite 1000, Tampa, FL, 33601, asansone@carltonfields.com.

               HENDERSON, FRANKLIN, STARNES & HOLT
               Attorneys for Defendants Florida Association of
               Professional Process Servers, Lance Randall,
               and Bob Musser
               Post Office Box 280
               Fort Myers, Florida 33902-0280
               239.344.1182 (telephone)
               239.344.1554 (facsimile)
               richard.akin@henlaw.com

              By:/s/ Richard B. Akin, II
                Richard B. Akin, II
                Florida Bar No. 0068112