UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY A. SCOTT,

    Plaintiff,

v.                               Case No: 2:13-cv-157-FtM-38DNF

LAWRENCE NORMAN YELLON,
BOB MUSSER, H. ERIC VENNES,
LANCE RANDALL, RONALD R.
EZELL, STEVEN D. GLENN,
JILLINA A. KWIATKOWSKI, RUTH
A. REYNOLDS, GARY CROWE,
NATIONAL ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, PAUL TAMAROFF,
FLORIDA ASSOCIATION OF
PROFESSIONAL PROCESS
SERVERS, JOHN DOE 1, JOHN
DOE 2 and JOHN DOE 3,

    Defendants.
_____/

**ORDER[1]**

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's "Judicial Notice to Respond to Docket Entry #97" (Doc. #103) filed on August 23, 2013; Plaintiff's Notice of Appeal to District Judge of Magistrate Judge's Order Denying Motion to Extend Time to Amend and Related Motion to Direct Clerk of District Court (Doc. #104) filed on August 23, 2013; Plaintiffs' Motion for Leave of Court to Refute

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Defendants' Motion to Strike Judicial Notice (Doc. #105) filed on August 26, 2013; and Defendants FAPPS, Randall, and Musser's Motion to Strike (Doc. #106) filed on August 27, 2013. Plaintiff Randy A. Scott is proceeding *pro se*.

On July 11, 2013, this Court dismissed Plaintiff's Complaint (Doc. #1) **without prejudice** and allowed Plaintiff time to file an amended complaint on or before August 9, 2013. (Doc. #79). On August 2, 2013, Plaintiff requested an extension of time to file the amended complaint until November 9, 2013. (Doc. #97). Prior to the Court ruling on the request for extension of time, Plaintiff filed a "Notice of Appeal" (Doc. #99) on August 5, 2013, giving notice that he was appealing the Court's Order on the Motion to Dismiss, among other things, to the Eleventh Circuit Court of Appeals. On August 20, 2013, the Magistrate Judge denied Plaintiff's request for extension of time to file an amended complaint as the case was on appeal. (Doc. #101). That Order has been appealed to the undersigned. In his appeal of the Magistrate Judge's denial of additional time, Plaintiff requests that the Court overturn the Magistrate Judge's Order and approve the extension to amend his complaint as requested in Doc. #97.

"An order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint could not be saved by an amendment." Briehler v. City of Miami, 926 F.2d 1001, 1002 (11th Cir. 1991). When a plaintiff appeals an order dismissing his complaint prior to the expiration of the time for him to file an amended complaint, the dismissal becomes final for appeal purposes and plaintiff waives his right to later amend the complaint, even if the time to amend has not yet expired. See Schuurman v. Motor Vessel "Betty KV", 798 F.2d 442, 445 (11th Cir. 1986); Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, (11th Cir. 2005)

("Because Plaintiffs filed their notice of appeal before the time to amend expired, they waived the right to amend later the complaint; and the dismissal became final for appeal purposes."). Thus, as the dismissal of this case (Doc. #79) is final and the Plaintiff has appealed the Order to the Eleventh Circuit (Doc. #99) prior to amendment, the Court will direct that this matter be closed and all issues raised after the Court's Order of dismissal, including Plaintiff's appeal of the Magistrate Judge's Order, will be deemed moot. See Briehler, 926 F.2d at 1003 ("[W]here a plaintiff chooses to waive the right to amend, there is nothing left for the district court to do and the order therefore becomes final.").

Accordingly, it is now

**ORDERED:**

This matter is **dismissed without prejudice** pursuant to this Court's July 11, 2013 Order (Doc. #79). The Clerk is directed to terminate any pending deadlines and motions and **CLOSE** the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of September, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record